Argued and submitted May 8, supplemental judgment denying petitioner
Kennett's attorney fees reversed and remanded; otherwise affirmed
October 29, 2008

Alexander F. KENNETT,
as Successor Co-Trustee of the
Gordon Claycomb Trust,
and Alexander F. Kennett,
as the Personal Representative of the Estate of
Georgie R. Claycomb,
*Petitioners-Appellants,*

*v.*

Stefanie Claycomb HERRIOTT,
as Successor Co-Trustee of the
Gordon Claycomb Trust,
*Respondent-Respondent.*

Jackson County Circuit Court
032690U2; A130930

196 P3d 16

C. Casey White argued the cause for appellants. On the opening brief were W. V. Deatherage, and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C. With him on the reply brief was Davis, Hearn, Saladoff, Bridges & Visser.

Eric B. Mitton argued the cause for respondent. With him on the brief was Joseph E. Kellerman.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

### ROSENBLUM, J.

Petitioners Georgie Claycomb and Alexander Kennett, the primary beneficiary and a cotrustee of a trust, respectively, appeal a general judgment resolving issues concerning the management and disbursement of trust assets and a supplemental judgment rejecting their request for attorney fees.[1] We reject without discussion petitioners' assignments of error concerning the general judgment and write only to address the denial of attorney fees. We conclude that the grounds on which the trial court denied the request for attorney fees were erroneous and therefore reverse the supplemental judgment and remand for further consideration.

The material facts are not in dispute. In 1990, Gordon Claycomb created a trust consisting mainly of commercial real property—a shopping mall—in Ashland. Under the terms of the trust agreement, income from the trust property was to be paid to Mr. Claycomb's wife, petitioner Georgie Claycomb, until her death, at which time the trust assets were to be distributed in annual installments to his children from a previous marriage.[2] Respondent is one of those children. Petitioner Kennett is Mrs. Claycomb's son from a previous marriage. Initially, Mr. and Mrs. Claycomb acted as cotrustees of the trust. Mr. Claycomb died in 2002, whereupon respondent succeeded him as cotrustee. Kennett later succeeded Mrs. Claycomb as the other cotrustee, though she continued to be the active beneficiary of the trust.

Although Kennett had been named cotrustee, respondent did not add him as a signatory to the trust's bank accounts. Thus, Kennett did not have the ability to pay trust income to Mrs. Claycomb. In 2004, petitioners commenced this action, alleging that respondent had failed to pay trust income to Mrs. Claycomb and had misappropriated trust assets. Petitioners sought, among other things, removal of

---

[1] Petitioner Claycomb died while this appeal was pending. Kennett was named personal representative of her estate and, in that capacity, substituted for her as a party. For the sake of clarity, we continue to refer to Mrs. Claycomb as a party to this action.

[2] Any assets remaining in the trust when Mr. Claycomb's children have died are to be used for the benefit of charities.

respondent as cotrustee, appointment of a receiver to manage the trust property, and an accounting of the trust assets. Petitioners also asserted that, if they succeeded in removing respondent as cotrustee, she should be compelled to personally pay petitioners' attorney fees.

Petitioners applied for, and the trial court issued, an order directing respondent to appear in court and show cause why the court should not, during the pendency of the action, appoint a receiver and order respondent to immediately produce financial and business documents concerning trust assets. Before commencing a hearing on the show cause order, the court initiated settlement discussions between the parties. At the time scheduled for the show cause hearing, the parties appeared and continued with the settlement discussions. They informed the court that, although they had not resolved the details of their disputes on the merits, they had agreed on a procedure for resolution of the remaining issues: They agreed that each of the cotrustees would create a list of issues to be resolved and that they would attempt to settle the issues without the court's intervention. Any agreements that the parties reached would be submitted to the court and reduced to an enforceable order. Any issues that they were not able to resolve would be submitted to the court for a binding decision.

The court later entered an order reflecting the procedure to which the parties had agreed: "[T]he parties and their attorneys entered into certain stipulations and agreements on the record, including stipulations concerning the procedure for resolution of all issues between them as co-trustees of the Gordon Claycomb Trust and the management of all trust property, wherever located." The order instructed the parties "to proceed in compliance with the terms which were stipulated to on the record."

Pursuant to the stipulated procedure, Kennett submitted a list of 18 issues. One issue concerned the payment of Kennett's legal expenses arising from the action:

> **"Payment for Co-Trustee's Lawyers.** Obviously the Trustees should agree that their lawyers can be paid from the proceeds of the Trust, as this has been necessary to

facilitate agreement between the Co-Trustees as to the proper marshaling and management of the Trust assets."

(Boldface and underlining in original.) Kennett's list of issues did not include petitioners' original goal of removing respondent as cotrustee. Respondent also submitted a list of issues, and settlement discussions followed. Ultimately, the parties were unable to resolve their differences on a number of issues, including Kennett's entitlement to pay his legal expenses from trust proceeds. Petitioners filed a motion for judgment by affidavit, asking the court to address the unresolved issues on the parties' lists. The court ultimately entered a general judgment reflecting its resolution of a number of those issues. The judgment stated that the court would "decide by further order pursuant to stipulation the entitlement, if any, to attorney fees and costs and disbursements."

Petitioners then filed a statement of attorney fees asserting that they were entitled to an award of more than $61,000 in fees. Respondent objected, noting that ORCP 68 C(2)(a) requires a party seeking attorney fees to allege the basis for the award in a pleading filed by that party. Respondent argued that petitioners had pleaded only that they were entitled to attorney fees if they succeeded in their claim for relief asking for respondent's removal as cotrustee. Respondent also argued that petitioners were not entitled to attorney fees because she had largely prevailed on nearly all of the issues decided by the court. Respondent argued further that the requested fees were excessive, were not in line with the fees customarily charged in the locality, and were not warranted for the amount of money involved in the dispute and the results that petitioners obtained.

The trial court issued an order denying petitioners' request for attorney fees. In the order, the court stated tersely that the denial was based on the reasons asserted by respondent and that the court declined to make any other findings. It later entered a supplemental judgment denying the request for attorney fees. This appeal followed.

Petitioners assign error to the trial court's denial of attorney fees. They argue, among other things, that a trustee is not required to plead the right to have attorney fees paid by the trust when bringing an action in the name of the trust.

They also argue that, even if a trustee ordinarily is required to plead entitlement to attorney fees, the settlement agreement that the parties entered into superseded the pleadings. Respondent maintains her position that petitioners failed to satisfy the pleading requirements under ORCP 68 C. She also argues that, on the merits, petitioners are not the prevailing parties and, moreover, that the trial court did not abuse its discretion in denying attorney fees, asserting that petitioners were not acting to protect the trust and acted unreasonably throughout the litigation. Finally, respondent argues that, even if petitioner Kennett is entitled to attorney fees, petitioner Claycomb is not. According to respondent, there is no statutory authority for the beneficiary of a trust to recover attorney fees under the circumstances of this case.

■     We conclude that the issue of Kennett's right to recover attorney fees from the trust was properly before the court under the terms of the parties' stipulated agreement on the settlement procedure. The parties stipulated that each cotrustee would produce a list of issues to be resolved and that any issues that they could not settle would be submitted to the court for decision. In agreeing to follow that procedure, the parties essentially agreed to bypass the pleading requirements of the Oregon Rules of Civil Procedure and to have the court try by consent the issues that they could not resolve. One of the issues that Kennett raised on his list and submitted to the court was his right, as a trustee, to recover his attorney fees from the trust. Pursuant to the parties' stipulated agreement, which the court approved and, in fact, ordered the parties to comply with, the court should have addressed that issue on the merits. In our view, given the unique procedural posture of the case, the court erred in rejecting Kennett's request for attorney fees on the ground that he failed to plead the right to recover them in accordance with ORCP 68 C.

■     Mrs. Claycomb's right to recover attorney fees, on the other hand, was not among the issues that the parties submitted to the court for resolution. Thus, assuming that she otherwise had a right to recover attorney fees, any fees that she incurred separately from Kennett were not properly before the court and, thus, are not recoverable.

We do not consider respondent's arguments that the trial court properly denied petitioners' request for attorney fees on the merits. The record does not indicate that the court actually considered the merits of the request. In the order denying attorney fees, the court indicated that it was adopting the reasons advanced by respondent, which included the assertion that petitioners had failed to plead the right to recover fees. Ordinarily, the failure to plead that right furnishes sufficient ground to deny attorney fees. *See* ORCP 68 C(2)(a) ("A party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."). Assuming, as we must, that the court adopted respondent's "failure to plead" reasoning, there would have been no reason for it to consider or adopt respondent's arguments on the merits. Thus, we presume that the court did not do so. We therefore remand for the court to consider in the first instance the parties' arguments on the merits.

Supplemental judgment denying petitioner Kennett's attorney fees reversed and remanded; otherwise affirmed.