IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,149

REGINALD STEWART,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

If a motion under K.S.A. 60-1507 presents substantial questions of law or triable issues of fact and the movant is indigent, the district court shall appoint counsel to assist the indigent movant. If a motion under K.S.A. 60-1507 presents a potentially substantial question of law or triable issue of fact, the district court has the statutory power to appoint counsel for movant in the exercise of its judicial discretion.

2.

Even in circumstances where a K.S.A. 60-1507 movant is not statutorily entitled to the appointment of counsel, if the court conducts a hearing at which the State will be represented by counsel, due process of law requires that the movant be represented by counsel unless the movant waives that right to counsel.

3.

The State is permitted to file a written response to a K.S.A. 60-1507 motion. The district court's consideration of the State's response, standing alone, does not constitute a hearing for purposes of determining whether due process of law requires the movant to be represented by counsel.

1

4.

When a K.S.A. 60-1507 motion and the files and records of the case, including any response to the motion from the State, conclusively show that the movant is entitled to no relief under that motion, the district court may summarily deny the motion without appointing counsel for the movant.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 7, 2017. Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause, and *Krystle M. S. Dalke*, of the same firm, was with him on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Reginald Stewart petitions this court for review of the Court of Appeals' decision affirming the district court's summary denial of his K.S.A. 60-1507 motion. Stewart agrees with the Court of Appeals' holding that the district court erred in reviewing and relying upon the State attorney's written response to Stewart's pro se motion without first appointing counsel for Stewart. Stewart's challenge on review is to the panel's determination that the district court's error was harmless because the motion, files, and record—exclusive of the State's written response—conclusively established that Stewart was not entitled to relief. Stewart claims that there were facts missing from the

2

record that required an evidentiary hearing and appointment of counsel. We conclude that summary denial of the 60-1507 motion was appropriate in this case.

The State cross-petitions, arguing that the Court of Appeals erred in holding that "the district court may not invite the State to respond to the [60-1507] motion or review an unsolicited written response from the State until or unless the movant is represented by a lawyer." *Stewart v. State*, No. 115,149, 2017 WL 2901146, at \*5 (Kan. App. 2017) (unpublished opinion) (*Stewart II*). We agree with the State that its filing of a written response, standing alone, did not trigger Stewart's statutory right to counsel. Ultimately, we affirm the district court's summary denial of the motion.

FACTUAL AND PROCEDURAL OVERVIEW

After two trials resulted in a hung jury, a third jury convicted Stewart of aggravated robbery. The 2011 incident giving rise to the conviction involved three men who accosted a pedestrian walking home from work on a dimly lit street. The assailants battered the victim before removing $8, some cigarettes, and a white lighter from his pockets. The victim flagged down a patrol officer who apprehended two fleeing individuals, Gerard Sillemon and Stewart. Sillemon had $8 in his pocket, and the white lighter lay on the ground between the two men. The victim identified Stewart—both at the crime scene and at trial—as being one of the robbers.

At trial, Sillemon testified that he pled guilty because he was the only person involved in robbing the victim. Stewart testified that he was in the vicinity and observed the crime, but that he was not involved in the robbery in any way. He claimed that the victim had misidentified him. Nevertheless, the jury convicted Stewart of aggravated robbery.

3

On direct appeal, Stewart raised three jury instruction challenges and a cumulative error argument. One of Stewart's jury instruction challenges argued that the eyewitness identification instruction was clearly erroneous for including "degree of certainty" as a factor for the jury to consider. The Court of Appeals held this instruction was erroneous but fell short of clear error. *State v. Stewart*, No. 107,723, 2013 WL 3455788 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1207 (2013) (*Stewart I*).

Subsequently, Stewart timely filed the pro se K.S.A. 60-1507 motion that is now before this court. The motion alleged error by the trial judge, ineffective assistance of trial counsel, wrongful failure to disclose a transcript by the State, discriminatory collusion between the prosecutor and the accuser, and conspiracy to convict Stewart on the basis of race by the Sedgwick County Public Defender's Office.

Almost a year later, the State, acting through counsel, filed a response to Stewart's motion, addressing Stewart's claims and arguing no evidentiary hearing was needed to resolve them. The record is not clear as to whether the district court ordered the State to respond or whether the State responded on its own volition. The district court's motion minutes sheet adopting the "authorities and arguments of the State . . . as persuasive" and denying Stewart's motion without a hearing is dated the same day as the State filed its response, albeit the motions sheet was file-stamped a week later.

Stewart appealed the summary denial to the Court of Appeals. He alleged that the district court violated his due process rights by failing to appoint counsel to represent him before it considered the State attorney's written response to the pro se motion. He also asserted that there are facts absent from the record regarding trial counsel's representation that require an evidentiary hearing, rendering the summary denial erroneous.

The Court of Appeals held that the district court materially erred in considering the State's response to Stewart's pro se motion without appointing counsel for Stewart or

4

providing him with an opportunity to argue beyond the face of his original motion. *Stewart II*, 2017 WL 2901146, at *5. But the panel held that even though Stewart was improperly deprived of the opportunity to be heard through counsel, the error was harmless. The panel considered Stewart's 60-1507 motion without referring to the State's response and opined that the motion had presented no viable claims, thereby rendering harmless the district court's procedural error. 2017 WL 2901146, at *2-4, 6.

Stewart petitioned this court for review, arguing that the district court and Court of Appeals erred by not granting him an evidentiary hearing. The State cross-petitioned, arguing that the Court of Appeals erred in holding that Stewart should have been appointed counsel upon the State filing a written response to the motion.

APPOINTMENT OF COUNSEL FOR 60-1507 MOVANT

In addressing Stewart's procedural challenge to the manner in which the district court handled the 60-1507 motion, the Court of Appeals noted the procedure set forth in K.S.A. 60-1507(b); the statutory right to counsel provided by K.S.A. 22-4506(b); and our restatement of the statutory mandates in Supreme Court Rule 183 (2017 Kan. S. Ct. R. 222). 2017 WL 2901146, at *5. The panel summarized our caselaw establishing three options for a district court upon receiving a 60-1507 motion as follows:

> "The district court can summarily dismiss the motion after reviewing it and the contents of the case file. *Bellamy v. State*, 285 Kan. 346, 353-54, 172 P. 3d 10 (2007). Otherwise, the district court has two choices. It can conduct a preliminary hearing during which lawyers for the State and for the defendant present legal argument and otherwise address whether the circumstances call for a full evidentiary hearing. A limited amount of evidence may be received at that preliminary hearing. *Bellamy*, 285 Kan. at 354. Or the district court can appoint a lawyer for the movant, bypass the preliminary hearing, and set the motion for a full evidentiary hearing. See 285 Kan. at 353-54." 2017 WL 2901146, at *5.

The panel determined that the options do not include the circumstance in which the district court considers the arguments contained in a written response filed by the State, "without affording the movant the equivalent opportunity to be heard through a lawyer." 2017 WL 2901146, at *5. Our task is to determine whether that interpretation of the statutory right to counsel is correct.

*Standard of Review*

The extent of Stewart's statutory right to counsel during a K.S.A. 60-1507 proceeding is a question of law over which this court has unlimited review. See *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018) (quoting *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 [2009]); see also *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007) (disapproving application of the abuse of discretion standard for reviewing the results of K.S.A. 60-1507 motions without specifically discussing K.S.A. 22-4506). But cf. *State v. Sharkey*, 299 Kan. 87, 95, 322 P.3d 325 (2014) ("The determination of whether the motion presents substantial questions of law justifying the appointment of counsel '"rests within the sound discretion of the trial court."'").

In addition, resolution of this issue requires interpretation of K.S.A. 60-1507, K.S.A. 22-4506, and Supreme Court Rule 183 (2019 Kan. S. Ct. R. 228). "Interpretation of statutes and Supreme Court rules raises questions of law reviewable de novo." *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011).

Stewart also argued before the Court of Appeals that the district court's failure to appoint counsel resulted in a due process violation. "The issue of whether due process has been afforded is a question of law over which [this court has] unlimited review." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

6

*Analysis*

Stewart's due process claim is based upon the notion that a response by the State triggers a pro se 60-1507 movant's right to be appointed counsel. He points to the decisions in *State v. Hemphill*, 286 Kan. 583, 596, 186 P.3d 777 (2008); *Alford v. State*, 42 Kan. App. 2d 392, 402, 212 P.3d 250 (2009); *Oliver v. State*, No. 113,035, 2016 WL 1391757, at *3 (Kan. App. 2016) (unpublished opinion); and *Stevenson v. State*, No. 96,082, 2007 WL 438745, at *2 (Kan. App. 2007) (unpublished opinion), as supporting that contention. The State counters that these cases are clearly distinguishable because their due process holdings were based upon the district court holding a *hearing* at which the State was represented by counsel but the movant was not. Moreover, the State contests Stewart's contention that, when a court considers a written response, it is tantamount to the court conducting an in-court hearing. We agree with the State on these points.

Our analysis of the procedural due process claim looks first to see whether the State has deprived the claimant of life, liberty, or property. If so, the focus is on the extent and nature of the process which was due the claimant. *Hogue*, 279 Kan. at 850-51; see also *State v. Robinson*, 281 Kan. 538, 548, 132 P.3d 934 (2006) ("[B]asic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner."). The first step is satisfied because the very nature of a 60-1507 motion involves the movant's liberty interest, to-wit: "A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released." K.S.A. 60-1507(a). The second inquiry—the nature and extent of the process to which a 60-1507 movant is due—involves a more nuanced analysis.

We begin by looking at the source of Stewart's right to an attorney, if any. Although Stewart makes no claim that either the federal or state constitution provides him with the right to be appointed an attorney to pursue a postconviction collateral attack,

7

it is helpful to keep in mind that neither constitution provides that right. The United States Supreme Court, in *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), declined to extend an indigent person's Fourteenth Amendment right to counsel on direct appeal to a collateral attack, stating "[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further." See also *Davila v. Davis*, 582 U.S. ___, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017) ("prisoner does not have a constitutional right to counsel in state postconviction proceedings").

Likewise, this court has held that "[t]here is no constitutional right to effective assistance of counsel in an action pursuant to K.S.A. 60-1507." *Robertson*, 288 Kan. at 228; see also *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 21, 287 P.3d 855 (2012) (noting that a prisoner in a K.S.A. 60-1507 proceeding has already been afforded exercise of their Sixth Amendment right to counsel at trial and their direct appeal); *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004) ("We acknowledge that there is no constitutional right to effective assistance of legal counsel on collateral attacks because they are civil, not criminal, actions."). Nevertheless, "Kansas does under some circumstances 'provide a *statutory* right to counsel on collateral attack.'" *Mundy*, 307 Kan. at 295 (quoting *Brown*, 278 Kan. at 483).

K.S.A. 60-1507, the statute in the Code of Civil Procedure that establishes the procedure for prisoners to file a motion seeking postconviction relief, does not mention any right to counsel for the movant. But K.S.A. 22-4506, a statute in the Code of Criminal Procedure, provides for the appointment of counsel for an indigent 60-1507 movant. Specifically, it provides:

> "(a) Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such

person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefor, the court shall make a preliminary examination of the petition or motion and the supporting papers.

"(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504, and amendments thereto, the court shall appoint counsel from the panel for indigents' defense services or otherwise in accordance with the applicable system for providing legal defense services for indigent persons prescribed by the state board of indigents' defense services, to assist such person and authorize the action to be filed without a deposit of security for costs. If the petition or motion in such case raises questions shown by the trial record, the court shall order that the petitioner or movant be supplied with a transcript of the trial proceedings, or so much thereof as may be necessary to present the issue, without cost to such person." K.S.A. 22-4506.

In short, a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact. Reiterating that concept is Supreme Court Rule 183(i) (2019 Kan. S. Ct. R. 230), which directs: "If a motion to vacate, set aside, or correct a sentence presents a substantial question of law or triable issue of fact, the court must appoint counsel to represent an indigent movant." Moreover, this court has said that "[t]here is no statutory right to counsel at the district court level stage for indigent K.S.A. 60-1507 movants until they meet the threshold showing of substantial legal issues or triable issues of fact." *Guillory v. State*, 285 Kan. 223, 228, 170 P.3d 403 (2007); see also *Albright v. State*, 292 Kan. 193, 199, 251 P.2d 52 (2011) ("K.S.A. 22-4506[b] limits the right to appointed counsel to those cases in which the district court finds that the 60-1507 motion 'presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person.'"); *State v. Andrews*, 228 Kan. 368, 374-75, 614 P.2d 447 (1980) ("It is clear that when an indigent defendant wishes to

9

pursue a writ of habeas corpus or a motion attacking sentence pursuant to K.S.A. 60-1507, the district court is to examine the merits of the motion or petition and then make a decision as to whether the appointment of counsel is necessary."); *Robinson v. State*, 218 Kan. 1, 5, 542 P.2d 305 (1975) ("It is only when a district court determines a 60-1507 motion presents substantial questions of law or triable issues of fact that it appoints counsel to assist an indigent petitioner.").

Stewart's contention—that the *potential* for triable issues of fact is sufficient to trigger the statutory right to counsel in a 60-1507 proceeding—most likely emanates from an expansive reading of the following recitation from the oft-cited case of *Lujan v. State*, 270 Kan. 163, 14 P.3d 424 (2000). *Lujan* outlined three avenues a district court can take upon receiving a 60-1507 motion, to-wit:

> "First, it may determine that the motion, files, and records of the case conclusively show that the petitioner is entitled to no relief, in which case it will summarily deny the petitioner's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing *after appointment of counsel* to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the petitioner. If the issue or issues are substantial, involving events in which the petitioner participated, the court must proceed with a hearing involving the presence of the petitioner." (Emphasis added.) 270 Kan. at 170-71.

The actual question being addressed in *Lujan*, however, was whether the 60-1507 movant had the right to be present at a full evidentiary hearing under the second avenue described above, i.e., after the district court had determined the motion, files, and record presented a substantial issue. The *Lujan* court did not need to establish the point in the proceedings at which the statutory right to counsel became effective because Lujan did,

10

in fact, have an attorney representing him at the evidentiary hearing; movant's complaint was that he was not personally present to help his attorney prosecute his motion.

Moreover, the questions of when a movant is entitled to the appointment of counsel and when the movant is entitled to be present at a court hearing on the motion are separate inquiries. For instance, K.S.A. 60-1507(b) separates the right to a hearing from the right to be present at the hearing. It first directs the district court to "grant a prompt hearing" on a 60-1507 motion to "determine the issues and make findings of fact and conclusions of law," except when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 60-1507(b). But then K.S.A. 60-1507(b) goes on to provide that "[t]he court may entertain and determine such motion without requiring the production of the prisoner at the hearing." Likewise, Supreme Court Rule 183 separates the right to counsel and the right to be present: Rule 183(h) provides that an imprisoned movant "must be produced at the hearing on a motion . . . if there are substantial issues of fact regarding events in which the movant participated"; whereas Rule 183(i), as noted above, states that, if a motion "presents a substantial question of law or triable issue of fact, the court must appoint counsel to represent an indigent movant." Supreme Court Rule 183(h), (i) (2019 Kan. S. Ct. R. 230).

Consequently, *Lujan*'s dicta about the third avenue of approach available to a district court should not be read so expansively as to make the court's discernment of a *potential* substantial issue the event that triggers the statutory *requirement* to appoint counsel for an indigent movant. We intimated as much in *Mundy* when we noted that this court had previously "implicitly recognized the district court [has] the statutory power to exercise discretion and appoint counsel . . . where the motion presents a *potentially* substantial question of law or triable issue of fact. Cf. Supreme Court Rule 183(i) (2017 Kan. S. Ct. R. 222) (court *must* appoint counsel if 60-1507 motion presents a substantial question of law or triable issue of fact)." 307 Kan. at 295. In other words, the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney during

11

the period the court is making its determination of whether the motion, files, and record present a substantial question of law or triable issue of fact.

Nevertheless, *Lujan*'s reference to the appointment of counsel under its third avenue of approach was not incorrect. Rather, the event in that circumstance that gives rise to the need to appoint counsel for the movant is the district court's determination to "hold a preliminary hearing," at which the State will be represented by an attorney. 270 Kan. at 171. As noted above, the cases cited by Stewart declaring that due process had required the appointment of counsel for the postconviction movant involved a court hearing at which the State appeared by counsel. For example, in *Hemphill* we "emphasize[d] . . . that even though a court need not automatically hold a hearing or appoint counsel in all postconviction matters, when a hearing is held 'at which the State will be represented, then due process of law does require that the defendant be represented unless the defendant waives the right to counsel.'" 286 Kan. at 596 (citing *State v. Pierce*, 246 Kan. 183, 199, 787 P.2d 1189 [1990]; *State v. Buckland*, 245 Kan. 132, 142, 777 P.2d 745 [1989]). Pointedly, the State does not challenge that precedent.

The next step, then, is to look at what constitutes a hearing at which due process requires an attorney for a 60-1507 movant. At one end of the spectrum, K.S.A. 60-1507(b) requires the district court to notify the county attorney and grant a prompt hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." If the district court has made that determination—that the motion, files, and records do not conclusively show the movant is entitled to no relief—and ordered the statutorily required hearing, it has necessarily determined the presence of substantial questions of law or triable issues of fact. Consequently, that determination invokes the movant's statutory right to counsel, and the district court must appoint counsel for an indigent movant, without regard to whether the State is represented by an attorney at the hearing.

12

At the other end of the spectrum, when the district court determines on its own that the motion, files, and records of the case conclusively show that movant is entitled to no relief, the motion can be summarily denied, i.e., without hearing and without appointed counsel. In-between—when the district court exercises its discretion to order a preliminary hearing to assist in making the determination of whether the motion, files, and records present substantial questions of law or triable issues of fact—our due process jurisprudence dictates that the district court appoint an attorney to represent an indigent movant if the State appears in court at that preliminary hearing through an attorney.

That leads us to Stewart's contention that the district court's consideration of a written response by an attorney for the State is the functional equivalent of an in-court preliminary hearing. He adopts the Court of Appeals' opinion in this case that declares that a district court's summary denial of a 60-1507 motion can be "based only on the motion and the record in the underlying criminal case," and that the district court may not look at a written response by the State "until or unless the movant is represented by a lawyer." *Stewart II*, 2017 WL 2901146, at *5. For authority, the panel relied on an unpublished decision by another Court of Appeals panel in *Jones v. State*, No. 114,601, 2016 WL 7494363, at *3 (Kan. App. 2016) (unpublished opinion), which the *Stewart II* panel found to have "legally indistinguishable facts." *Stewart II*, 2017 WL 2901146, at *5.

The State counters that the *Stewart II* panel created a new test for determining when counsel must be appointed in a 60-1507 proceeding that contravenes statutory provisions, Supreme Court Rules, and established caselaw and that treats the process as if it were intended to be an ex parte proceeding. Contrary to the panel's notion that a State response to a 60-1507 motion triggers a right to counsel for the movant, the State contends that the well-established existing test requires the appointment of counsel only when movant has raised substantial issues or when the court conducts an *actual* hearing at which the State is represented. The State argues that it is a party in the 60-1507

13

proceedings and that there is nothing in our statutes or rules precluding it from responding as it would to any other civil motion. Cf. *Pabst v. State*, 287 Kan. 1, 24, 192 P.3d 630 (2008) ("nothing in [K.S.A. 60-1507] or our rules makes it impermissible for the State to file a responsive pleading"); see Supreme Court Rule 183(a)(2) (2019 Kan. S. Ct. R. 228) (procedure on 60-1507 motion governed by rules of civil procedure to the extent applicable).

Further, the State challenges the *Stewart II* panel's assessment that the factual distinctions in *Jones* have no legal significance. In that case, the district court reviewed the motion, files, and records and summarily denied relief on all issues except one. Then the court ordered the State to submit a brief on the one remaining issue, but the court did not permit the movant to brief the issue or respond to the State's brief. Further, the court did not appoint counsel for the movant. The State contends that the briefing order makes *Jones* factually distinguishable.

Nevertheless, as the State points out, the *Stewart II* panel ignored the rationale of other Court of Appeals panels that have rejected the argument that, for due process purposes, the district court's review of the State's written response was the same as the court conducting a preliminary hearing at which the State was represented by an attorney. See, e.g., *Noyce v. State*, No. 114,971, 2017 WL 3112821, at *4-5 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 987 (2017); *Littlejohn v. State*, No. 115,904, 2017 WL 2833312, at *3-4 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 987 (2017); *Thuko v. State*, No. 115,662, 2017 WL 2709779, at *3 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 994 (2017); *Hill v. State*, No. 115,723, 2017 WL 2001615, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1317 (2017); *Dawson v. State*, 115,129, 2017 WL 262027, at *1-2 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 986 (2017); *State v. Roberts*, No. 114,726, 2016 WL 6829472, at *4-5 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 992 (2017). For instance, the *Thuko* panel suggested that a judge reviewing a motion and response

14

does not fit within our common understanding of a "hearing," which Black's Law Dictionary describes as: "A judicial session, [usually] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying." *Thuko*, 2017 WL 2709779, at \*3; Black's Law Dictionary 836 (10th ed. 2014). There is simply no indication here that a judge held a hearing.

In short, the *Stewart II* panel expanded upon the process that the *Hemphill* court held was due to a postconviction movant with respect to appointed counsel. We decline to make that expansion; rather, it is when the district court conducts an actual hearing with the State represented that due process dictates a movant's right to counsel.

As we observed in *State v. Nunn*, 247 Kan. 576, 584, 802 P.2d 547 (1990), "it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions." But, like the *Nunn* court, we realize that "such a rule would not appear to be feasible or justified." 247 Kan. at 584. Given that constraint, the unfairness that bothered the *Stewart II* panel—having a layperson pitted against an attorney on legal issues—is present regardless of whether the State files a response. Ordinarily, an indigent layperson must prepare and file his or her own 60-1507 motion, in which the nonlawyer movant must state why he or she is legally entitled to relief. Thereupon, a law-trained judge reviews the motion and can summarily deny it as being legally infirm and conclusively showing no entitlement to relief. In other words, any unfairness caused by a disparity in legal knowledge begins with the preparation of the motion, not at the point of the State's response.

With respect to the statutory right to counsel, the *Stewart II* panel creatively interpreted K.S.A. 60-1507(b). It declared that, without appointing an attorney for a movant, a district "can summarily deny relief based only on the motion and the record in the underlying criminal case," and it "may not entertain argument from the State" contained in a written response. *Stewart II*, 2017 WL 2901146, at \*5. But, of course, the

15

statute does not actually say that. To reiterate, it refers to "the motion and the files and records of the case." K.S.A. 60-1507(b). The panel did not explain why a response to a 60-1507 motion would not then become part of the case files, subject to the district court's review, and we decline to construe K.S.A. 60-1507(b) so narrowly.

In sum, an indigent 60-1507 movant has a statutory right to counsel if the district court finds that the motion presents substantial questions of law or triable issues of fact. That did not occur in this case. Further, as a matter of procedural due process, a movant has the right to counsel when the court holds a hearing at which the State is represented by counsel. There was no hearing in this case; the State's filing of a response to the motion, standing alone, did not constitute a hearing. The Court of Appeals holding to the contrary is overruled.

SUBSTANTIVE CLAIMS FOR RELIEF

Although we disagree with the Court of Appeals' resolution of the right to counsel issue, we agree with the Court of Appeals' resolution of Stewart's substantive claims. The Court of Appeals reviewed each of the substantive claims Stewart raised in his 60-1507 motion and explained why each did not warrant relief. On review, defense counsel focuses on the claim that trial counsel was ineffective for failing to call an eyewitness identification expert to testify and refute the victim's identification of Stewart as one of the robbers. We begin with that claim.

*Standard of Review*

"When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 (2011).

16

*Analysis*

With respect to Stewart's claims that his trial counsel was ineffective, he must establish:

> "[T]hat counsel's performance was constitutionally deficient, which requires a showing that counsel made errors so serious that his or her performance was less than that guaranteed to the defendant by the Sixth Amendment to the United States Constitution, and that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Trotter v. State*, 288 Kan. 112, 132-33, 200 P.3d 1236 (2009).

As the panel noted, at the time of Stewart's trial, "the Kansas Supreme Court had consistently ruled that expert testimony could not be admitted regarding potential weaknesses in eyewitness identification. *State v. Gaines*, 260 Kan. 752, 763, 926 P.2d 641 (1996); *State v. Warren*, 230 Kan. 385, 395, 635 P.2d 1236 (1981)." *Stewart II*, 2017 WL 2901146, at *3. It would be more than two years before this court would overrule that precedent and allow expert testimony on eyewitness identification under certain circumstances. *State v. Carr,* 300 Kan. 1, 222-26, 331 P.3d 544 (2014). Consequently, we agree with the panel's determination that a defense counsel's failure "to advocate for a dramatic reversal of well-settled Kansas law" is not constitutionally deficient performance. *Stewart II*, 2017 WL 2901146, at *4.

Granted, *Laymon v. State,* 280 Kan. 430, 439-40, 122 P.3d 326 (2005), recognized that "a lawyer's failure to foresee a change in the law may lead to 60-1507 relief if the failure was not objectively reasonable." But *Laymon* involved the unique circumstance that the defense counsel who failed to preserve the change-in-law issue practiced out of the same office in which other attorneys were actively advocating for, and ultimately obtained, that particular change in the law. In *Barr v. State*, 287 Kan. 190, 197, 196 P.3d

17

357 (2008), we declined to extend *Laymon* beyond its "'inside baseball' analysis." This case fits squarely within *Laymon*'s caveat that the "Sixth Amendment requires competence, not omniscience." *Laymon*, 280 Kan. at 440 (discussing *Starnes v. State*, No. 88,225, 2003 WL 22764417, at *3 [Kan. App. 2003] [unpublished opinion]). In short, summary denial of this claim was appropriate.

With respect to the other issues addressed by the panel, counsel in the petition for review does not provide argument as to why the panel was wrong on the merits. Instead, counsel simply inquires: "Similarly with the other issues made by Mr. Stewart, would not the opportunity to have counsel available and able to review the petition and the State's response potentially have made a difference in how the arguments and issues were raised and framed before the district court?" While the answer to that question may be yes, the issue is whether the arguments and issues that are actually contained in the motion, files, and records conclusively show that Stewart is entitled to no relief. And on that issue, the panel adequately addressed and correctly decided each claim.

On Stewart's claim that his trial counsel failed to challenge the sufficiency of the evidence, the panel pointed out that trial counsel moved for judgment of acquittal at the close of evidence and renewed the motion in written form after the jury's verdict. In other words, the claim is factually flawed. Counsel did all that he could at the trial level to challenge sufficiency.

With regard to Stewart's claim that trial counsel was deficient in failing to call the arresting officer as a witness at the third trial, the panel noted the absence of any explanation as to how the outcome of the case could have been different if defense counsel had done so. Likewise, we are not provided with that explanation and the claim lacks merit.

On Stewart's remaining three claims, the panel opined that they were "so conclusory and lacking in any factual anchors that we cannot meaningfully review them." Nothing we have received on review refutes the panel's determination that the remaining claims "all fail to set forth intelligible grounds for relief." *Stewart II*, 2017 WL 2901146, at *4.

Stewart's counsel would have us remand for an evidentiary hearing to permit a fishing expedition in the hopes that the 60-1507 movant might catch a fact that could lead to something favorable. To the contrary, it is incumbent upon the movant to show that a triable issue of fact already exists and is identifiable at the time of the motion. Summary denial was appropriate here.

CONCLUSION

The Court of Appeals' determination to affirm the district court's summary denial of Stewart's 60-1507 motion on the merits of his claims is affirmed.

The panel's determination that the district court materially erred when it considered the State's written response to Stewart's 60-1507 motion without appointing Stewart an attorney is overruled. Because the district court correctly found that the motion did not present substantial questions of law or triable issues of fact, Stewart's statutory right to counsel did not arise. Because the district court did not conduct a hearing at which the State was represented by counsel, Stewart's due process right to counsel was not implicated or impaired.

Affirmed.

19