NOT DESIGNATED FOR PUBLICATION

No. 124,695

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ENRIQUE CLARK PERALES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN. Opinion filed January 27, 2023.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HILL, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Enrique Perales appeals the district court's summary denial of his
K.S.A. 60-1507 motion, arguing the court should have held an evidentiary hearing on his
claim that he received ineffective assistance of counsel before trial. After reviewing the
record and the parties' arguments, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2017, the State charged Perales with aggravated battery after he was
arrested for physically and sexually abusing his then-girlfriend. This court previously

1

recounted the details of the incident in Perales' direct appeal. See *State v. Perales*, No. 119,815, 2019 WL 5089857, at *1-2 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 899 (2020).

The district court appointed attorney James Mamalis to represent Perales during his criminal case. After viewing the probable-cause affidavit and speaking with the prosecutor, Mamalis learned that the State planned to charge Perales with more serious crimes. In an effort to avoid these charges and the significantly larger penalties they carried, Mamalis approached the State about Perales pleading to the original aggravated-battery charge. He met with Perales and explained this strategy, with the caveat that the prosecutor planned to charge Perales with more serious crimes and was on a "war path" against him. In the meantime, Mamalis continued Perales' upcoming preliminary hearing to allow him to pursue a plea deal, even if an agreement was unlikely. Mamalis never stated that there was a plea offer and explained that Perales could face over 20 years in prison if the State pursued the more serious charges.

The State was unwilling to entertain any plea negotiations and filed an amended complaint a couple of weeks later. The amended complaint charged Perales with aggravated battery and two counts of aggravated criminal sodomy. The district court held a preliminary hearing in February and bound Perales over for trial on all charges. Perales subsequently requested to dismiss Mamalis and represent himself at trial, which the district court granted after a hearing.

The case went to trial in May 2017, and a jury convicted Perales of aggravated battery and one count of aggravated criminal sodomy, acquitting him of the second sodomy charge. At Perales' request, the district court reappointed counsel to represent him at sentencing. The district court then sentenced Perales to 253 months in prison. This court affirmed Perales' convictions and sentences, and the Kansas Supreme Court declined to review his case. *Perales*, 2019 WL 5089857. While his direct appeal was

pending, Perales also moved for postconviction DNA testing, which the district court denied. This court affirmed that decision in a separate appeal. *State v. Perales*, No. 122,778, 2021 WL 2283698 (Kan. App. 2021) (unpublished opinion).

In April 2021, Perales filed a timely K.S.A. 60-1507 motion, along with related motions, briefs, and other documents seeking postconviction relief. In these filings, Perales mostly alleged errors by the prosecutor and the district court during his trial. He also claimed that his pretrial attorney, Mamalis, provided constitutionally deficient representation by continuing the preliminary hearing, which allowed the State to amend its complaint and add the sodomy charges. Perales argued this decision prevented him from pleading guilty as desired to the initial lone aggravated-battery charge and, in turn, led to a much longer sentence.

After reviewing the motions, responses, and replies, the district court denied Perales' claims without holding a hearing or appointing an attorney to represent him. The court reasoned that Perales' claims of prosecutorial and judicial error were trial errors inappropriate for a K.S.A. 60-1507 motion (in fact, he had raised some of these claims in his direct appeal). As to the claim regarding Mamalis' representation, the district court found that Perales had not shown his attorney acted unreasonably or that his case would have come out differently if Mamalis had not continued the preliminary hearing. Perales now appeals.

DISCUSSION

On appeal, Perales raises only one of the claims he raised before the district court: the ineffective-assistance-of-counsel claim against Mamalis. We thus limit our review to that issue. See *Nguyen v. State*, 309 Kan. 96, 108, 431 P.3d 862 (2018) ("[A]n issue not raised or briefed is deemed waived and abandoned.").

3

The district court found that an evidentiary hearing was unnecessary to resolve the claims in Perales' K.S.A. 60-1507 motion, including his challenge to Mamalis' representation. Appellate courts exercise unlimited review over a K.S.A. 60-1507 motion that was denied without an evidentiary hearing. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). On appeal, we—like the district court—must determine whether "the motion and the files and records of the case conclusively show that [Perales] is entitled to no relief." K.S.A. 2021 Supp. 60-1507(b); see *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To warrant an evidentiary hearing, a K.S.A. 60-1507 motion must allege something more than conclusory claims. *Trotter v. State*, 288 Kan. 112, 131-32, 200 P.3d 1236 (2009). "[I]t is incumbent upon the movant to show that a triable issue of fact already exists and is identifiable at the time of the motion." *Stewart v. State*, 310 Kan. 39, 54-55, 444 P.3d 955 (2019). Such information may include further factual development and background, names of witnesses and the nature of their testimony, or other details showing the movant is entitled to relief. *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007).

With these principles in mind, we turn to Perales' claim alleging that his pretrial counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of an attorney. See U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A person asserting the denial of that right must show that his or her attorney's performance was constitutionally deficient and that this deficiency prejudiced the person so as to deprive him or her of a fair trial. 466 U.S. at 687; *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting the *Strickland* approach in Kansas). Put another way, this prejudice inquiry requires a person to show "'a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.'" *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012).

Perales asserts that his pretrial attorney was constitutionally deficient by failing to follow Perales' order to waive his preliminary hearing and accept a plea offer to aggravated battery before the State amended the complaint. We do not find this argument persuasive.

Most importantly, nothing in the record shows that the State offered Perales a plea agreement at any point. In fact, the record suggests the opposite; while Perales and his attorney wanted to plead to the original charge, the State was uninterested in that prospect because it was planning to add severe sex-crime charges to the complaint. In other words, Perales claims that his attorney was ineffective for not conveying Perales' plea-offer acceptance before the State amended the complaint, but the record shows that there was never a plea offer extended that Perales could accept.

Within two weeks after Perales' arrest and the initial complaint, Mamalis met with him to discuss case strategy. Mamalis explained that the prosecutor intended to pursue more serious charges and that Perales should try, if possible, to plead to aggravated battery before that happened. Mamalis memorialized these discussions in a letter to Perales the next day. The letter shows that Mamalis never suggested there was a plea offer for Perales to accept. Rather, Mamalis explained he would explore that possibility with the State, but he cautioned that the prosecutor wanted to pursue more charges and was on the "war path" against Perales. That is, a plea to aggravated battery was an unlikely best-case scenario.

At the preliminary hearing, Mamalis explained to the district court that he had tried to negotiate a plea agreement, but the State had not made an offer and had instead filed more charges. Similarly, Mamalis explained at a later hearing that the prosecutor made clear from the start that she intended to add charges at the preliminary hearing, so his attempts to negotiate a plea to aggravated battery never gained any traction. Perales

5

provides no information to dispute his attorney's statements. Thus, Perales has not met his burden to show that Mamalis provided deficient representation.

He likewise has not demonstrated any prejudice. While the district court, not the State, determines whether to accept a plea, any attempt to plead guilty to the charge in the original complaint would not have prevented the State from adding the sodomy charges. See K.S.A. 22-3201(e); K.S.A. 2016 Supp. 22-3210(a); *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006) (courts give the State "considerable latitude" to amend a complaint before trial). Had Perales tried to do so—and assuming the district court would have accepted such a plea—the State could have still charged the other crimes at any point, as it made clear it intended to do. Or if Perales somehow pleaded guilty before the State could amend the complaint, the State could have moved to dismiss the case and refiled it with the new charges. Nor would trying to waive the preliminary hearing have avoided the sodomy charges; the State has a right to a preliminary hearing, too, and it could have still amended the complaint at that point. See K.S.A. 2016 Supp. 22-2902(1).

In short, the record conclusively shows that Perales is not entitled to relief on his claim because there was no plea offer for him to accept. His attorney thus could not have performed deficiently by not communicating any attempted acceptance, and there could be no prejudice because the State would have amended the complaint regardless of any plea. The district court did not err in denying Perales' K.S.A. 60-1507 motion.

Affirmed.