NOT DESIGNATED FOR PUBLICATION

No. 127,766

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JESSE D. DUNERWAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed February 20, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Wendie C. Miller*, of Kechi, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Jesse D. Dunerway appeals the district court's summary denial of his second K.S.A. 60-1507 motion. A jury convicted Dunerway of multiple felonies in 2013. Since that time, he has filed several unsuccessful motions—including a prior K.S.A. 60-1507 motion—attempting to have his convictions set aside. Based on our review of the record, we find Dunerway's claims concerning his trial counsel's performance to be successive and that he has failed to demonstrate exceptional circumstances to justify consideration of those claims. However, we find that an

1

evidentiary hearing is warranted on Dunerway's claim that his prior K.S.A. 60-1507 counsel was ineffective. Thus, we affirm in part, reverse in part, and remand with directions.

## FACTS

The parties are familiar with the underlying facts. As a result, we will simply summarize them here and discuss additional facts as necessary in our analysis. In November of 2013, a jury convicted Dunerway of two counts of aggravated battery, one count of aggravated burglary, one count of criminal threat, and one count of aggravated kidnapping. The district court sentenced Dunerway to 554 months in prison, and his convictions and sentence were subsequently affirmed on direct appeal. *State v. Dunerway*, No. 111,457, 2015 WL 5224703, at *19 (Kan. App. 2015) (unpublished opinion) (*Dunerway I*).

In 2017, Dunerway filed his first K.S.A. 60-1507 motion in which he asserted that his trial counsel and appellate counsel were ineffective. Following a nonevidentiary hearing at which Dunerway and his first K.S.A. 60-1507 attorney both made arguments, the district court issued a comprehensive written order denying Dunerway's motion. And a panel of this court affirmed the district court's decision on appeal. *Dunerway v. State*, No. 123,250, 2022 WL 4281991, at *7 (Kan. App. 2022) (unpublished opinion) (*Dunerway II*).

Although not directly related to the claims asserted in this appeal, we note that Dunerway has also moved to correct an illegal sentence. This was based on an alleged miscalculation of his criminal history score at the time of sentencing. The district court denied Dunerway's request and this decision was also affirmed by a panel of this court. *State v. Dunerway*, No. 125,680, 2024 WL 3874036, at *3 (Kan. App. 2024) (unpublished opinion) (*Dunerway III*).

On February 15, 2024, Dunerway filed his second K.S.A. 60-1507 motion, which is the subject of this appeal. In his motion, Dunerway once again asserted that his trial counsel was ineffective. In addition, he asserted that his first K.S.A. 60-1507 counsel was also ineffective. After the district court summarily denied Dunerway's second K.S.A. 60-1507 motion, he filed a timely notice of appeal.

ANALYSIS

On appeal, Dunerway contends that the district court erred in summarily denying his second K.S.A. 60-1507 motion. When a district court summarily denies a K.S.A. 60-1507 motion, our standard of review is unlimited. *Stewart v. State*, 310 Kan. 39, 52, 444 P.3d 955 (2019). As a result, we must determine "whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019).

Under K.S.A. 60-1507(c), Kansas courts need not entertain a second or successive motion seeking the same or similar relief as was previously sought by the same inmate. See Supreme Court Rule 183(d) (2025 Kan. S. Ct. R. at 237). Moreover, an inmate is presumed to have listed all grounds for relief either on direct appeal or in an initial K.S.A. 60-1507 motion. Nevertheless, a showing of exceptional circumstances may justify the filing of a successive motion. *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022).

"'Exceptional circumstances are unusual events or intervening changes in the law that would have prevented [a movant] from raising the issue in a [prior] K.S.A. 60-1507 motion.'" *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). In other words, an inmate cannot simply recycle previously litigated claims in a successive K.S.A. 60-1507 motion. See *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019).

3

Here, we find that Dunerway either has or could have raised his claims relating to the effectiveness of his trial counsel in his direct appeal or in his first K.S.A 60-1507 motion. See *Thuko*, 310 Kan. at 84. Furthermore, we find that Dunerway has failed to show exceptional circumstances to justify considering these successive claims relating to trial counsel. Accordingly, we affirm the district court's summary dismissal of Dunerway's claims relating to the performance of his trial counsel.

Next, we turn to Dunerway's claim concerning the performance of his first K.S.A. 60-1507 counsel. This claim is not successive because it could not have been previously raised either on direct appeal or in his first K.S.A. 60-1507 motion. Hence, we find that this claim has been properly presented by way of Dunerway's second K.S.A. 60-1507 motion.

K.S.A. 22-4506 provides that a convicted person has the right to counsel on collateral attacks in some circumstances. *Stewart*, 310 Kan. at 45. Once counsel has been appointed in a postconviction matter, the attorney has a duty to provide effective representation. *Mundy v. State*, 307 Kan. 280, 295, 408 P.3d 965 (2018). To determine whether the performance of the first K.S.A. 60-1507 counsel was ineffective, Dunerway must establish that the attorney's actions were deficient. If he can do so, Dunerway then must establish that the deficient performance prejudiced his defense or would have otherwise changed the outcome. See *Mundy*, 307 Kan. at 296-97.

We agree with the district court that several of Dunerway's arguments are conclusory and unsupported by the record. But we find it significant that Dunerway attached—to his second K.S.A. 60-1507 motion—a letter which purportedly shows that he asked his first K.S.A. 60-1507 counsel to pursue his claim of innocence based on the affidavits of Christopher Davis and Melvin Shields. Dunerway also cited a portion of a hearing transcript suggesting that he informed the district court that he needed more time to consult with his first K.S.A. 60-1507 counsel to discuss his innocence claim.

Unfortunately, we cannot tell from the record why Dunerway's first K.S.A. 60-1507 counsel chose not to address the innocence claim based on the affidavits. Perhaps there was a valid strategic decision for this decision. Regardless, we cannot determine the answer to that question by simply looking at the record on appeal.

Under these circumstances, we find that it is appropriate to affirm the district court's decision to summarily deny Dunerway's successive claims relating to the effectiveness of his trial counsel. But we also find that it is appropriate to reverse the summary denial of Dunerway's claim relating to the effectiveness of his first K.S.A. 60-1507 counsel and to remand this claim for an evidentiary hearing. At the evidentiary hearing, the district court should first determine whether the performance of Dunerway's first K.S.A. 60-1507 counsel was deficient. If so, the district court should then determine whether there is a reasonable probability that—absent counsel's deficiency—the outcome of Dunerway's first K.S.A. 60-1507 motion would have been different.

Affirmed in part, reversed in part, and remanded with directions.