FILED
United States Court of Appeals
Tenth Circuit

June 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN E. BETTS,

        Petitioner - Appellant,

v.

DAVID MCKUNE; ATTORNEY
GENERAL OF KANSAS.

        Respondents - Appellees.

No. 13-3197
(Case No. 5:11-CV-03097-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Petitioner Brian E. Betts was convicted of first-degree murder in Kansas

state court. Prior to sentencing, Petitioner filed two pro se post-conviction

motions. The first was a motion for a new trial, alleging ineffective assistance of

counsel. The second was a motion for judgment of acquittal. Petitioner's trial

attorney was permitted to withdraw from representation, and Petitioner

subsequently retained new counsel, who filed a supplemental motion requesting

either a new trial or a judgment of acquittal. Following multiple evidentiary

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

hearings, the state trial court denied these motions. Petitioner was then sentenced to a term of life imprisonment. Petitioner's conviction was affirmed on direct appeal by the Kansas Supreme Court. *State v. Betts*, 33 P.3d 575 (Kan. 2001). Petitioner filed for post-conviction relief pursuant to K.S.A. 60-1507. The state district court denied Petitioner relief. The Kansas Court of Appeals affirmed the denial of Petitioner's K.S.A. 60-1507 motion, *Betts v. State*, No. 101,119, 225 P.3d 1211, 2010 WL 919795 (Kan. Ct. App. March 5, 2010) (unpublished table decision), and the Kansas Supreme Court ultimately denied review.

Petitioner subsequently filed an application for federal habeas corpus relief in the United States District Court for the District of Kansas. Petitioner raised multiple grounds for relief including, among others, prosecutorial misconduct, newly discovered evidence, and ineffective assistance of counsel. The district court found that several of the various grounds for relief raised by Petitioner were procedurally barred, waived, defaulted, and otherwise unavailable. The district court found Petitioner was not entitled to relief under the remaining grounds raised as a result of the high level of deference owed to state courts' determinations under the Antiterrorism and Effective Death Penalty Act of 1996. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks and citations omitted)). Therefore, the district court denied the petition without

holding an evidentiary hearing and denied a certificate of appealability.

Petitioner submitted a combined merits brief and application for a certificate of appealability to this court, in which he reasserts most of the grounds for relief raised in his petition to the district court. Having thoroughly reviewed the briefs and the record on appeal, we conclude that reasonable jurists would not debate the district court's denial of Petitioner's habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, we **DENY** Petitioner's application for a certificate of appealability and **DISMISS** the appeal. However, his motions to file a brief out of time and to file an oversized brief are **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge