NOT DESIGNATED FOR PUBLICATION

No. 120,092

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN BETTS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 25, 2019. Affirmed.

*William F. Dunn*, of Kansas City, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM:  Brian Betts appeals the district court's denial of his postjudgment motions for collateral relief. The district court denied most of Betts' claims because they were successive. Betts argues that the district court erred by summarily denying his motions. Because Betts does not allege anything which survives the procedural bar against successive K.S.A. 60-1507 motions, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

The history of the criminal case is found in *State v. Betts*, 272 Kan. 369, 373-79, 33 P.3d 575 (2001) (*Betts I)*. Only a summary of those facts and the details of the events following the direct appeal are necessary for us to address this collateral action.

Betts was charged with and convicted of the first-degree murder of Greg Miller. At trial, the only evidence linking Betts to the crime was the testimony of Carter Betts, his uncle. Carter testified that Betts, by his words and conduct, admitted to participating in the murder on the night it occurred. Soon after the jury returned a guilty verdict, Carter recanted his testimony.

Betts filed a motion alleging 12 grounds for a new trial, including Carter's recantation and ineffective assistance of trial counsel. The district court held an evidentiary hearing on the motion. Trial counsel testified about trial strategy and several other witnesses testified about what they would have said at trial had they been called as witnesses. The district court found that Carter's recantation was not credible and that trial counsel was not ineffective. The district court also rejected Betts' remaining claims and denied his motion for a new trial.

Betts filed a direct appeal and raised eight issues, including a claim that the district court erred in denying his motion for a new trial. The Kansas Supreme Court rejected all of Betts' arguments and affirmed his conviction in 2001. 272 Kan. at 372-73.

In 2002, Betts filed a pro se K.S.A. 60-1507 motion. *Betts v. State*, No. 101,119, 2010 WL 919795, at *1 (Kan. App. 2010) (unpublished opinion) (*Betts II*). The State moved to dismiss and argued that Betts' claims should have been raised in his direct appeal. The district court held a hearing on the motion, identified eight grounds for relief alleged by Betts, and dismissed all the grounds except ineffective assistance of trial and

2

appellate counsel. The district court later dismissed the claim of ineffective assistance of trial counsel because it had been litigated in the direct appeal. The only issue remaining was a vague claim of ineffective assistance of appellate counsel.

The district court ordered Betts' counsel to file a supplemental pleading to clarify the claim of ineffective assistance of appellate counsel. That pleading was filed on April 22, 2003. After a delay of over two years, Betts filed a pro se motion seeking to supplement his pleadings. Betts then filed a complaint with the Commission on Judicial Qualifications about the delays in his case. Later that year, Betts' appointed counsel was permitted to withdraw because Betts was seeking to retain private counsel. Betts then filed seven pro se motions and responses in the months that followed.

On January 30, 2008, the district court filed a memorandum decision denying Betts' K.S.A. 60-1507 motion on all grounds. Two days after the order was filed, Betts filed a pro se notice of appeal and request for appellate counsel. The appeal was docketed with this court in October 2008. This court identified ineffective assistance of trial and appellate counsel as the issues raised on appeal. *Betts II*, 2010 WL 919795, at *3-4. After rejecting the claim of ineffective assistance of trial counsel because the issue was raised on direct appeal, this court turned to the claim of ineffective assistance of appellate counsel. This court identified four subissues, rejected each argument, and affirmed the district court. 2010 WL 919795, at *4-9.

Within one year of the *Betts II* mandate becoming final, Betts filed a federal habeas corpus action alleging 12 grounds for relief. After the State responded, Betts sought to stay the federal proceedings so that he could "pursue state court remedies on seven additional grounds identified in his motion." *Betts v. McKune*, No. 11-3097-SAC, 2012 WL 2953225, at *1 (D. Kan. 2012) (unpublished opinion) (*Betts III*). The federal district court denied the motion to stay because the additional claims were time barred. 2012 WL 2953225, at *2. The federal district court later denied Betts' remaining claims

3

based on a review of the record. *Betts v. McKune,* No. 11-3097-SAC, 2013 WL 3328747, at *27 (D. Kan. 2013) (unpublished opinion) (*Betts IV*). Betts sought to appeal the denial of his federal habeas action, but his application for a certificate of appealability was denied, as was his request to extend time to file a petition for certiorari. *Betts v. McKune,* 568 Fed. Appx. 556 (10th Cir. 2014) (unpublished opinion).

On September 17, 2015, Betts mailed to the state district court a 12-page form petition; an 81-page motion to vacate sentence, modify sentence, release from custody, and grant a new trial pursuant to K.S.A. 60-1507; and a 111-page motion for order of judgment pursuant to Supreme Court Rule 183(j). The district court treated the motions collectively as a claim for relief under K.S.A. 60-1507 under case number 15CV935. In an order filed February 19, 2016, the district court characterized Betts' allegations as 12 distinctly identifiable legal claims. The district court summarily dismissed 10 claims based on the record: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; (4) recanted testimony; (5) questions by the jury; (6) perjured testimony; (7) district court delay; (8) intervening changes in the law; (9) inadequacy of district court decisions and opinions; and (10) cumulative error. The district court also identified two unresolved claims of (11) ineffective assistance of collateral-review counsel, and (12) newly discovered evidence. The district court appointed counsel and directed counsel to brief the two unresolved claims.

On July 1, 2016, Betts' counsel filed a five-page memorandum in response to the district court's order. On July 7, 2016, the district court received a 64-page pro se supplemental motion from Betts. On September 30, 2016, the State responded and argued that Betts had failed to show deficient performance by his counsel in his first K.S.A. 60-1507 proceeding or that Betts was prejudiced by any actions of his counsel.

On December 6, 2016, the district court denied Betts' claim of ineffective assistance of collateral-review counsel. The district court found this claim merely sought

4

to relitigate "alleged trial errors [that] have previously been raised and ruled upon contrary to [Betts]." The district court also "adopt[ed] the arguments of the State in its September 30, 2016 Response." Thus, the district court found that Betts was not entitled to any relief "[b]ased on a reading of the files, records and motions" in the case.

On May 10, 2017, the district court denied Betts' final claim about newly discovered evidence. The new evidence Betts presented was two affidavits bolstering Carter's recantation. The district court noted that, if taken as true, the new evidence cut against Betts' argument because it would prove that trial counsel knew about the recantation before the close of the evidence. Under the district court's analysis, the evidence was not *new* evidence because it was known and reasonably available at the time of trial. With this final issue resolved, the district court denied Betts' K.S.A. 60-1507 motion in its entirety because the motion, files, records of the case, and previous filings conclusively established that he was not entitled to relief. Betts timely appealed.

ANALYSIS

The sole issue Betts raises on appeal is that the district court erred by summarily denying his postjudgment motions. The State argues that the district court correctly denied Betts' claims for relief. The district court treated all of Betts' motions collectively as a claim for relief under K.S.A. 60-1507, and we will do the same.

A district court has three options when handling a K.S.A. 2018 Supp. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court

5

may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court summarily denied Betts' motion because all claims were successive or otherwise failed on the merits. "'When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief.'" *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927, 933 (2019) (quoting *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 [2011]).

Betts filed over 250 pages of pro se pleadings and motions alleging errors in his case. On appeal, Betts alleges that the district court erred by summarily denying the motion because the claims were successive.

> "'[U]nder K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner.' Nevertheless, '[t]his court has decades of caselaw holding that K.S.A. 60-1507's prohibition on successive motions is subject to exceptions.'
> "'To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances.' But cf. *Nguyen*, 309 Kan. at 108 ('[A] plain reading of [Supreme Court Rule 183(d) on successive motions] would suggest that a district court is permitted to decline to consider a successive motion only "when . . . justice would not be served by reaching the merits of the subsequent motion."'). '"Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion." The burden to make such a showing lies with the movant. [Citations omitted.]'" *Thuko*, 310 Kan. at 83-84, 444 P.3d at 935.

Betts devotes a portion of his brief arguing that manifest injustice allows the consideration of time-barred claims in a K.S.A. 60-1507 motion. But the district court

6

denied Betts' motion because it was successive, not because it was untimely. The district court characterized Betts' allegations as 12 distinctly identifiable legal claims that were "often repeated in other claims." Most of the issues Betts raised focused on Carter's recantation, claims of trial error, and his various claims of ineffective assistance of counsel. The district court found that each of Betts' 12 claims were successive or otherwise failed on the merits. On appeal, Betts argues that "[h]is motions deserved meaningful and evidentiary review because of exceptional circumstances mandating a hearing." We will examine each of Betts' claims in turn.

The first claim identified by the district court was ineffective assistance of trial counsel. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 387-91, which concluded that "the trial court did not err in failing to order a new trial based on ineffective assistance of counsel." Thus, the district court did not err in finding that any allegation of ineffective assistance of trial counsel was successive.

The second claim identified by the district court was ineffective assistance of direct appeal counsel. In finding this allegation successive, the district court relied on *Betts II*, 2010 WL 919795, at *9, which concluded the claims of ineffective assistance of direct appeal counsel entitled him to no relief or had been waived in district court. Thus, the district court did not err in finding that any allegation of ineffective assistance of direct appeal counsel was successive.

The third claim identified by the district court was prosecutorial misconduct. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 384-85, which concluded that the prosecutor's closing arguments were not outside the wide latitude allowed in arguing evidence. Thus, the district court did not err in finding that any allegation of prosecutorial misconduct at trial was successive.

The fourth claim identified by the district court involved Carter's recanted testimony. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 379-81, which concluded that the district court did not err by rejecting Carter's recantation as not credible. Thus, the district court did not err in finding that any allegation related to Carter's recantation was successive.

The fifth claim identified by the district court was the failure of the district court to have Betts personally present when discussing and answering questions from the jury. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 391-94, which concluded that any error about discussing and answering jury questions was harmless. Thus, the district court did not err in finding that any allegation of error based on questions by the jury was successive.

The sixth claim identified by the district court was the State's use of perjured testimony. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 381, and *Betts II*, 2010 WL 919795, at *8-9, which concluded there was no evidence that the prosecutor knowingly solicited perjured testimony. Thus, the district court did not err in finding that any allegation of perjured testimony was successive.

The seventh claim identified by the district court involved the long delay in resolving the first K.S.A. 60-1507 motion. The district court did not treat this allegation as successive itself but concluded that Betts was seeking to raise this issue to establish exceptional circumstances for a successive motion on other issues. The district court acknowledged the delay, but found that Betts could not show prejudice from the delay in the first K.S.A. 60-1507 proceeding because no relief was warranted under the first motion. We agree the district court did not err in finding that any allegation of a delay in the first K.S.A. 60-1507 proceeding did not justify a successive K.S.A. 60-1507 motion.

8

The eighth claim identified by the district court was intervening changes in the law. Again, the district court did not treat this allegation as successive itself but concluded that Betts was seeking to raise this issue to establish exceptional circumstances for a successive motion on other issues. The district court reviewed several cases Betts presented as changes in the law, including *State v. Marshall*, 294 Kan. 850, 281 P.3d 1112 (2012), *State v. Cheatham*, 296 Kan. 417, 292 P.3d 318 (2013), and *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). But the district court found that Betts did not show how the rulings in any of these decisions affected his case. The district court found that the "cases cited by [Betts] are not intervening changes in the law and do not support his attempt to relitigate previously denied issues." We agree with the district court that the cases Betts cited were not intervening changes in the law that had any effect on his case. Thus, the district court did not err in finding that any claim of intervening changes in the law did not justify a successive K.S.A. 60-1507 motion.

The ninth claim identified by the district court was the allegedly inadequate findings of fact and conclusions of law in the prior decisions in district court. Again, the district court did not treat this allegation as successive itself but concluded that the allegation failed on the merits. The district court pointed to the record, including transcripts, where each issue raised by Betts had been ruled on by the district court with appropriate findings. Betts does not challenge these findings on appeal. "An issue not briefed by an appellant is deemed waived and abandoned." *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). We agree with the district court that Betts is not entitled to any relief based on inadequate findings of fact and conclusions of law.

The tenth claim identified by the district court was cumulative error. In finding this allegation successive, the district court relied on *Betts II*, 2010 WL 919795, at *1, which concluded that Betts was entitled to no relief based on cumulative error. Thus, the district court did not err in finding that any claim of cumulative trial error was successive.

9

The eleventh claim identified by the district court was ineffective assistance of counsel in his first K.S.A. 60-1507 proceeding. The district court denied this claim in its December 6, 2016 order. The district court found this claim essentially sought to relitigate "alleged trial errors [that] have previously been raised and ruled upon contrary to [Betts]." The district court also adopted the State's response to the motion that Betts had failed to show deficient performance by his counsel in his first K.S.A. 60-1507 proceeding or that Betts was prejudiced by any actions of his counsel. The district court ultimately found that Betts was not entitled to any relief "[b]ased on a reading of the files, records and motions" filed in the case.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability that the outcome of the case would have been different absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Here, the district court found that Betts' claim against his counsel in his first K.S.A. 60-1507 proceeding was essentially an attempt to relitigate alleged trial errors. This finding is supported by the record. Betts failed to show deficient performance by his counsel in his first K.S.A. 60-1507 proceeding or that he was prejudiced by any actions of his counsel. Based on the record and the briefs filed by the parties, Betts fails to convince us on appeal that the district court erred in summarily denying this claim.

The twelfth claim identified by the district court related to Betts' claim of newly discovered evidence. The new evidence Betts presented was two affidavits bolstering Carter's recantation. The district court denied this claim in its May 10, 2017 order. In finding this allegation successive, the district court relied on *Betts I*, 272 Kan. at 379-81, which concluded that denial of a new trial based on Carter's recanted testimony was proper. The district court also pointed to *Betts II*, 2010 WL 919795, at *1, which

10

concluded that Betts was entitled to no relief based on Carter's purported recantation. The district court noted that even if it did accept the new affidavits as support for the recantation, the affidavits could not justify a new trial because they also established that the recantation evidence was available to trial counsel and direct appeal counsel.

To establish the right to a new trial based upon newly discovered evidence, a criminal defendant must establish: (1) that the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) that the newly discovered evidence is of such materiality that it would be likely to produce a different result upon retrial. *State v. Warren*, 302 Kan. 601, 615, 356 P.3d 396 (2015). Here, the district court found that the evidence Betts presented was not actually *new* evidence because it was available to trial counsel and direct appeal counsel. This finding is supported by the record. Betts' claim that he is entitled to a new trial based on Carter's recantation was addressed and rejected by the court in both his direct appeal and his first K.S.A. 60-1507 motion. We conclude the district court did not err in finding that any new evidence related to Carter's recantation was successive.

Betts' biggest complaint throughout most of these proceedings is that his conviction should not stand following Carter's recantation of his testimony. But in reviewing an order denying a new trial based on recanted testimony, the weight to be given the recanted testimony is for the trial court to determine, and it is required to grant a new trial only when satisfied the recantation is true and material. *State v. McKinney*, 272 Kan. 331, 338, 33 P.3d 234 (2001), *overruled on other grounds State v. Davis*, 283 Kan. 569, 575, 158 P.3d 317 (2006). Here, the district court denied Betts' original motion for a new trial because it found that Carter's recantation was not credible. The appellate court will not reweigh the evidence or reassess the district court's determination of credibility from such a hearing. *Warren*, 302 Kan. at 615-16.

11

To sum up, the district court rejected most of Betts' claims in his current action because they were successive. On appeal, Betts argues that exceptional circumstance, particularly intervening changes in the law, mandate consideration of the claims he presented in district court. He also argues that "[i]neffective assistance of counsel can qualify as an exceptional circumstance." But Betts presents no new argument that was not properly rejected by the district court when it denied most of Betts' claims as successive. While there have been some unusual events in Betts' case, including a recantation and unreasonably long delays during collateral review actions, none of the unusual events reasonably prevented him from raising the issues in earlier proceedings. Betts was represented by qualified attorneys before, during, and after trial. State and federal courts have reviewed Betts' claims of error and have all found that Betts is not entitled to relief. Absent an exceptional circumstance based on an unusual event or an intervening change in the law, the procedural bar against successive K.S.A. 60-1507 motions applies here.

To the extent that the district court denied some of Betts' claims on the merits, we agree with the district court that the motion, files, and records of the case conclusively show that Betts is not entitled to any relief. Betts' claims were either successive or without merit based on the extensive record presented in this appeal. As a result, the district court did not err by summarily denying Betts' motion.

Affirmed.