IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,662

FIDELIS K. THUKO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

A K.S.A. 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but under K.S.A. 22-4506(b), a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact.

2.

During the period after receipt of a K.S.A. 60-1507 motion in which the district court is making its determination of whether the motion, files, and record present a substantial question of law or triable issue of fact—for example, after the district court has discerned a potentially substantial issue—the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney. On the other hand, if the district court conducts a preliminary hearing to determine whether substantial issues are presented and the State is represented by counsel at that hearing, due process of law mandates that the movant be represented by counsel unless he or she has waived that right. The district court's review of the State's written response to a K.S.A. 60-1507 motion is not the functional equivalent of an actual hearing.

1

3.

A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record.

4.

K.S.A. 60-1507(f) places a time limit on filing an action under that statute of one year from the date the movant's direct appeal becomes final, unless the time limitation is extended by the court to prevent a manifest injustice. A K.S.A. 60-1507 movant has the burden of establishing manifest injustice.

5.

A district court is not required to entertain successive K.S.A. 60-1507 motions on behalf of the same movant unless there are exceptional circumstances.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 23, 2017. Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, and *Krystle M.S. Dalke*, of the same firm, were on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Fidelis K. Thuko seeks our review of the Court of Appeals' decision affirming the district court's summary denial of his second K.S.A. 60-1507 motion. He

2

argues that the district court violated his due process rights when it failed to appoint counsel to represent him after requesting and receiving the State's response to his pro se motion. Thuko also contends that he is entitled to an evidentiary hearing on his motion based upon exceptions that would permit his untimely and successive filing. Finding no error, we affirm the lower courts.

FACTUAL AND PROCEDURAL OVERVIEW

In 2004, the State charged Thuko in two separate cases with a total of five counts of rape and one count of attempted rape. The charges were based on incidents involving four women: M.A.S.; N.N.K; E.A.B.; and S.L.S. On the State's motion, the trial court consolidated the cases for a jury trial. The jury found Thuko guilty of rape and attempted rape of M.A.S.; not guilty of another count of rape of M.A.S.; not guilty of rape of N.N.K.; and not guilty of rape of E.A.B. The jury could not reach a verdict on the charge of rape of S.L.S. and the State later dismissed this charge. The court sentenced Thuko to 147 months' imprisonment for rape and 55 months' imprisonment for attempted rape, to run consecutive to each other, for a total of 202 months' imprisonment.

On direct appeal, Thuko argued: (1) the trial court abused its discretion in consolidating the two cases against him, (2) his speedy trial rights were violated, (3) prosecutorial misconduct denied him a fair trial, and (4) cumulative error. *State v. Thuko*, No. 94,228, 2007 WL 92642 (Kan. App. 2007) (unpublished opinion), *rev. denied* 284 Kan. 951 (2007) (*Thuko I*). The Court of Appeals rejected Thuko's claims and affirmed the district court. 2007 WL 92642, at *4. This court denied review.

In 2008, Thuko filed his first 60-1507 motion. According to the Court of Appeals' opinion in that case, Thuko raised five claims: (1) he was denied effective assistance of trial counsel; (2) the district court's failure to guide the jury and answer a jury question denied him a fair trial; (3) he was denied effective assistance of appellate counsel; (4) he

3

was denied his right to DNA testing; and (5) the State withheld exculpatory evidence. The district court dismissed the motion and Thuko appealed. *Thuko v. State*, No. 101,168, 2010 WL 1253623, at *1 (Kan. App. 2010) (unpublished opinion) (*Thuko II*).

The *Thuko II* panel rejected all of Thuko's claims except for his DNA testing claim, which the panel remanded to the district court for consideration. 2010 WL 1253623, at *1-3 (Kan. App. 2010). On remand, the district court denied Thuko's request for DNA testing, the Court of Appeals affirmed, and this court denied review. *Thuko v. State*, No. 106,535, 2012 WL 5974014 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1257 (2013) (*Thuko III*).

In 2013, Thuko filed a K.S.A. 22-3504 motion to correct an illegal sentence, arguing his convictions for rape and attempted rape of M.A.S. were multiplicitous in violation of double jeopardy and K.S.A. 21-3107(2)(c). The district court summarily denied the motion as "without merit." The Court of Appeals summarily affirmed the district court. Thuko did not petition this court for review.

On December 30, 2014, Thuko filed his second 60-1507 motion, which is the motion currently before this court. Thuko moved for an evidentiary hearing based on "[n]ewly discovered evidence that [Thuko] or [Thuko's] attorney was *never* present during all communication by the Court to the Jury during trial concerning all jury questions." He also claimed that (1) the trial court erred in failing to instruct the jury on battery as a lesser included offense, and (2) his appellate counsel was ineffective for failing to raise a multiplicity argument.

With regard to his jury questions claim, Thuko argued "the Court[']s failure to call the Jury, the defendant, his counsel and the prosecutor in open court in order to answer the jury question cumulated into a manifest injustice on the defendant because it violated his sixth amendments [*sic*] right to confront the jury, offer any assistance to his counsel

4

and exert psychological influence on the jury." He additionally asserted a violation of his right to be present at all critical stages of the proceedings.

On May 19, 2015, the district court requested a response from the State. On July 1, 2015, the State's attorney filed a response to Thuko's motion, asserting that Thuko was raising trial errors that were evident at the time of trial and that should have been raised in his direct appeal and/or in his first 60-1507 motion. Further, the State argued Thuko had not met his burden of establishing manifest injustice and exceptional circumstances to avoid the procedural bars of 60-1507 and allow the district court to reach the merits of his untimely and successive motion.

The district court summarily denied Thuko's motion for failure to meet the procedural requirements of K.S.A. 60-1507. The court found Thuko's motion was untimely and Thuko did not recognize or request application of the manifest injustice exception or explain the delay in filing his new claims. The court reasoned that the issues Thuko raised were evident and actionable since the time of trial. The court further found the motion was successive and Thuko failed to establish exceptional circumstances to excuse his failure to raise the issues in his prior 60-1507 motion.

Thuko appealed and the Court of Appeals affirmed the district court's summary denial. The panel rejected Thuko's claim that the district court violated his due process rights when it failed to appoint counsel to represent him after requesting and receiving the State's response. *Thuko v. State*, No. 115,662, 2017 WL 2709779, at *3 (Kan. App. 2017) (unpublished opinion) (*Thuko IV*). The panel further found that Thuko failed to demonstrate manifest injustice or exceptional circumstances to allow the district court to consider his untimely, successive motion. 2017 WL 2709779, at *3-6.

Thuko petitioned this court for review. This court has jurisdiction under K.S.A. 20-3018(b), providing for petitions for review of Court of Appeals' decisions.

Thuko contends that the district court violated his due process rights when it solicited a written response from the State's attorney, but then failed to appoint counsel to represent Thuko. He also asserts that the failure to appoint him counsel violated the protocol on handling 60-1507 motions established by caselaw. See, e.g. *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000) (outlining three avenues a district court can take upon receiving a 60-1507 motion).

One of the cases upon which Thuko relies is the Court of Appeals' decision in *Stewart v. State*, No. 115,149, 2017 WL 2901146 (Kan. App. 2017) (unpublished opinion), which is now supplanted by our decision in that case, *Stewart v. State*, 309 Kan. ___, ___ P.3d ___ (2019) (No. 115,147, this day decided). See Supreme Court Rule 8.03(k)(2) (2019 Kan. S. Ct. R. 53) (if petition for review granted, Court of Appeals decision has no force or effect).

*Standard of Review*

The extent of Thuko's statutory right to counsel during a K.S.A. 60-1507 proceeding is a question of law over which this court has unlimited review. See *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018) (quoting *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 [2009]); see also *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011) (interpretation of statutes and Supreme Court rules reviewable de novo). Likewise, Thuko's due process claim presents a question of law over which we exercise unlimited review. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Analysis*

As noted, in *Stewart*, we addressed the question of whether the district court's consideration of a written response from an attorney for the State mandated the appointment of counsel for an indigent 60-1507 movant. We held that the district court's review of the State's response to a 60-1507 motion, standing alone, did not trigger an indigent movant's right to be appointed counsel. That portion of the Court of Appeals' decision was overruled. *Stewart*, 309 Kan. at ___, slip op. at 3.

In *Stewart*, we reiterated that a 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but that, under some circumstances, a statutory right to counsel exists for such a collateral attack. *Stewart*, 309 Kan. at ___, slip op. at 7-9. Specifically, pursuant to K.S.A. 22-4506(b), "a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact." *Stewart*, 309 Kan. at ___, slip op. at 9.

But during the period in which the district court is making its determination of whether the motion, files, and record present a substantial question of law or triable issue of fact—for example, after the district court has discerned a potentially substantial issue—"the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney." *Stewart*, 309 Kan. at ___, slip op. at 11-12. On the other hand, if the district court conducts a preliminary hearing to determine whether substantial issues are presented and the State is represented by counsel at that hearing, due process of law mandates that the movant be represented by counsel unless he or she has waived that right. *Stewart*, 309 Kan. at ___, slip op. at 12. The district court's review of the State's written response to the motion, however, is not the functional equivalent of an actual hearing. *Stewart*, 309 Kan. at ___, slip op. at 16.

7

In sum, because the district court determined that the motion, files, and records conclusively showed that Thuko was entitled to no relief, i.e., determined that there was no substantial question of law or triable issue of fact, it was not statutorily required to appoint counsel for Thuko. Further, because the district court did not conduct a hearing to determine the existence of a substantial question of law or triable issue of fact, the failure to appoint counsel for Thuko did not violate his due process rights. The Court of Appeals' holding that counsel was not required to be appointed is affirmed.

## MOVANT'S RIGHT TO AN EVIDENTIARY HEARING

The district court summarily denied Thuko's motion without conducting a hearing on the merits of his claims because it found the motion to be procedurally barred. Specifically, the district court found the motion to be untimely under K.S.A. 60-1507(f)(1) and successive under K.S.A. 60-1507(c). Thuko argues that those procedural bars should not apply to him.

*Standard of Review*

"When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 (2011).

Moreover, Thuko argues trial court error and ineffective assistance of appellate counsel based on a lesser included offense issue. "Whether a particular crime is a lesser included offense of a charged crime is . . . a question of law." *State v. Love*, 305 Kan. 716, 736, 387 P.3d 820 (2017).

8

Finally, Thuko argues ineffective assistance of appellate counsel based on a multiplicity issue. "The issue of whether convictions are multiplicitous is a question of law subject to unlimited review." *State v. Hood*, 297 Kan. 388, 391, 300 P.3d 1083 (2013).

*Analysis*

"'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, Thuko has two procedural hurdles to clear. First, because his motion was filed more than seven years after his direct appeal was final, it is untimely, and he must establish manifest injustice. See K.S.A. 60-1507(f)(1) and (2) (one-year time limit to file motion may be extended by the court only to prevent a manifest injustice). And because this is his second 60-1507 motion, he must establish exceptional circumstances. See *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977) ("The sentencing court should not entertain a second or successive motion for relief under K.S.A. 60-1507 on behalf of the same person unless the errors affect constitutional rights and there are exceptional circumstances which justify entertaining a second or successive motion."). We begin by looking at manifest injustice.

*Manifest Injustice*

In the context of a habeas corpus proceeding, "manifest injustice" means "'"obviously unfair"'" or "'"shocking to the conscience."'" *Vontress v. State*, 299 Kan. 607, 614, 325 P.3d 1114 (2014), *superseded by statute as stated in White v. State*, 308 Kan. 491, 421 P.3d 718 (2018). Because Thuko's motion was filed before July 1, 2016,

9

the 2016 amendments to K.S.A. 60-1507(f) do not apply to him; rather, our holding in *Vontress* controls. *White*, 308 Kan. at 498, 503. *Vontress* set out a nonexclusive list of factors for judges to consider in conducting a manifest justice inquiry, including whether:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

In evaluating these factors, "courts consider all factors under the totality of the circumstances rather than balancing factors against each other, need not give the factors equal weight, and should not consider any single factor dispositive." *White*, 308 Kan. at 504. Thuko has "the burden to establish manifest injustice by a preponderance of the evidence." 308 Kan. at 496.

On the first factor—reasons or circumstances explaining the failure to meet the one-year time limit—Thuko claims that he just recently discovered evidence that neither he nor his trial attorney was present during all communications between the trial court and the jury dealing with the jury's questions. The record reflects that there were two jury questions dated January 28, 2005, and two questions dated January 31, 2005. The Court of Appeals rejected Thuko's argument that his jury question issue was the product of newly discovered evidence, noting that Thuko had attempted to raise the same issue with respect to the first two questions in *Thuko II*, his first 60-1507 motion appeal. The panel opined that if Thuko was able to discover that there was an issue as to his attorney's presence when the trial judge formulated her response to the first two jury questions, the same issue with respect to the other jury questions would have been reasonably ascertainable and should have been included in the first motion. *Thuko IV*, 2017 WL 2709779, at *5.

10

Thuko challenges the panel's holding as being "merely speculation by the Court of Appeals as to whether or not Mr. Thuko could have discovered the error at that time." He argues that because "there was not an indication when Mr. Thuko discovered that his attorney was not present," the matter should be remanded for an evidentiary hearing.

Apparently Thuko forgets that his conclusory contentions are not enough to establish that his 60-1507 motion warrants an evidentiary hearing; he has the burden to show an evidentiary basis in support of his claim. See *Sola-Morales*, 300 Kan. at 881. If Thuko expected to rely on a newly discovered evidence rationale to excuse his untimely motion, it was incumbent upon him to reveal what was newly discovered, how it was discovered, and when it was discovered. Otherwise, it was reasonable for the panel to infer that the evidence was reasonably ascertainable, given that the same issue was raised in the *Thuko II* appeal.

Even if we were to accept the conclusory contention that some of the evidence was newly discovered, that would not end our inquiry. Under the second *Vontress* factor, we consider whether the merits of the claim raise substantial issues of law or fact deserving of the district court's consideration. Thuko relies on the holding in *State v. King*, 297 Kan. 955, 967, 305 P.3d 641 (2013), that "any question from the jury concerning the law or evidence pertaining to the case must be answered in open court in the defendant's presence unless the defendant is voluntarily absent." But *King* did not hold that such an absence is structural error; rather, the court went on to analyze whether the State had met its burden to prove that the error of answering the jury's question without the defendant's presence was harmless. 297 Kan. at 968.

In its brief to the Court of Appeals, the State pointed out that in *Thuko II*, the panel opined that the movant could not establish ineffectiveness of trial counsel based on a failure to object to a jury question response that was not defective. The State then argues that, just as in *Thuko II*, movant does not explain what is objectionable about the district

11

court's responses to the jury questions; he does not identify any alternate response that Thuko would have proposed, if present; and he does not articulate how the jury's verdicts would have been different if he had been present. In short, Thuko has not established that the merits of his jury question claims were deserving of district court consideration.

The third *Vontress* factor looks at whether Thuko has set forth a colorable claim of actual innocence. Here, the newly discovered evidence claimed by Thuko involved his presence at a court hearing, rather than evidence supporting his innocence. Cf. *Beauclair v. State*, 308 Kan. 284, 301-02, 419 P.3d 1180 (2018) (holding that to show actual innocence, movant has the burden to show it is "'more likely than not that no reasonable juror would have convicted him in the light of the new evidence'"). Thuko does contend that the district court erred when it did not, on its own, give a lesser included offense instruction on battery. But even if that instruction had been proper, one cannot say that it would have been more likely than not that no reasonable juror would have convicted him of attempted rape, rather than simple battery.

In sum, under the totality of circumstances, Thuko has failed to carry his burden of proving manifest injustice that would excuse his untimely filing of his 60-1507 motion.

*Exceptional Circumstances*

"[U]nder K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner." *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Nevertheless, "[t]his court has decades of caselaw holding that K.S.A. 60-1507's prohibition on successive motions is subject to exceptions." *Nguyen v. State*, 309 Kan. 96, 107, 431 P.3d 862 (2018).

"To avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances." *Beauclair*, 308

12

Kan. at 304. But cf. *Nguyen*, 309 Kan. at 108 ("[A] plain reading of [Supreme Court Rule 183(d) on successive motions] would suggest that a district court is permitted to decline to consider a successive motion *only* 'when . . . justice would not be served by reaching the merits of the subsequent motion.'"). See Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 230). "'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.' The burden to make such a showing lies with the movant. [Citations omitted.]" *Beauclair*, 308 Kan. at 304.

Thuko claims that justice requires consideration of his claims even though this is his second 60-1507 motion because his appellate attorney on direct appeal was ineffective for failing to raise his claims regarding jury questions, battery as a lesser included offense of attempted rape, and multiplicity of the rape and attempted rape convictions. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) ("Ineffective assistance of counsel can qualify as an exceptional circumstance."). But any ineffectiveness of Thuko's direct appeal counsel occurred *prior* to the 2008 filing of his first 60-1507 motion, i.e., ineffective assistance of counsel on direct appeal was not an intervening event that would excuse omitting the issue in the first 60-1507 motion. Indeed, as the State points out, Thuko's first motion actually made the claim that he had been denied the effective assistance of appellate counsel. *Thuko II*, 2010 WL 1253623, at *1, 4-5. In other words, Thuko seeks successive consideration of the same issue, albeit his supporting arguments might differ. That is not an exceptional circumstance. See *Dawson v. State*, No. 94,720, 2006 WL 3877559, at *2 (Kan. App. 2010) (unpublished opinion) (holding movant did not establish exceptional circumstances that prevented him from presenting all permutations of ineffective assistance of counsel in first 60-1507 motion; therefore movant "should not be permitted to piecemeal an issue of ineffective assistance of counsel to circumvent Supreme Court Rule 183[d]").

Moreover, as discussed above, Thuko's jury question issue does not compel exceptional treatment. Likewise, he fails to persuade us that battery was a legally and/or factually appropriate lesser included offense instruction in this case or that the rape and attempted rape of M.A.S. were multiplicitous. The district court did not err in finding that exceptional circumstances did not exist which would excuse Thuko's failure to make his claims in his first 60-1507 motion.

Affirmed.