NOT DESIGNATED FOR PUBLICATION

No. 120,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM LOGGINS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed January 24, 2020. Affirmed.

*Angela M. Davidson*, of Wyatt & Sullivan, LLC, of Salina, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.


PER CURIAM: William Loggins Jr. appeals the district court's order summarily dismissing his third K.S.A. 60-1507 motion as untimely. Loggins contends the district court erred because despite the untimeliness of the motion, manifest injustice exists which excuses the late filing and allows the court to consider the merits of the motion. Upon review, we find the district court did not err by summarily dismissing Loggins' K.S.A. 60-1507 motion. As a result, we affirm the district court's judgment.

1

On October 20, 1999, the State charged Loggins with aggravated burglary and aggravated robbery. Less than a month later, the State filed an amended complaint which added two counts of aggravated kidnapping. On August 24, 2000, a jury found Loggins guilty of aggravated kidnapping, aggravated robbery, and aggravated burglary. The district court sentenced Loggins to a controlling term of 713 months in prison.

Our court affirmed Loggins' convictions in his direct appeal and our Supreme Court denied his petition for review on February 4, 2003. *State v. Loggins*, No. 86,831, unpublished opinion filed October 11, 2002, *rev. denied* 275 Kan. 967 (2003).

On January 2, 2004, Loggins filed his first K.S.A. 60-1507 motion alleging ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and judicial misconduct. In the motion, Loggins claimed, in part, that the district court erred by allowing the State to amend the complaint and argued his appellate counsel was ineffective for failing to raise the issue on direct appeal. The district court denied Loggins' motion and our court affirmed the denial in *Loggins v. State*, No. 92,795, 2006 WL 3257445 (Kan. App. 2006) (unpublished opinion).

More than six years later, on October 14, 2010, Loggins filed a second K.S.A. 60-1507 motion and claimed the State filed a defective complaint, and his trial counsel and appellate counsel provided ineffective assistance. The district court denied Loggins' second motion as untimely and successive. Our court affirmed in *Loggins v. State*, No. 106,057, 2012 WL 2045368 (Kan. App. 2012) (unpublished opinion).

More than seven years later, on August 31, 2018, Loggins filed his third K.S.A. 60-1507 motion, which is the subject of this appeal. Loggins claimed the district court violated K.S.A. 22-3201(e) by allowing the State to amend the original complaint to add

2

the charges of aggravated kidnapping. The district court summarily denied Loggins' motion, finding that it was untimely and dismissal would not cause manifest injustice. Loggins appeals.

ANALYSIS

When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is entitled to no relief. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

To avoid the summary dismissal of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

On appeal, Loggins contends his trial counsel provided ineffective assistance by not objecting to the State's amended complaint adding two counts of aggravated kidnapping. This amendment occurred more than nine months prior to his jury trial. Loggins contends the district court should have considered his motion regardless of its untimely nature.

A defendant has one year from the date a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). Individuals who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a timely K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008).

3

Loggins' convictions were affirmed by this court on October 11, 2002, and his petition for review with our Supreme Court was denied on February 4, 2003. Because Loggins' claims preexisted the 2003 statutory amendment, he had until June 30, 2004, to file his K.S.A. 60-1507 motion. Since his current K.S.A. 60-1507 motion was filed on August 31, 2018, the motion is obviously untimely.

The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). In determining whether manifest injustice exists, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A). If the district court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice, then it must dismiss the motion as untimely filed. K.S.A. 2018 Supp. 60-1507(f)(3).

To support his argument for manifest injustice, Loggins argues that he failed to timely file his motion "because he was not aware that K.S.A. 22-3201(e) prohibited the State from amending the Complaint to add the aggravated kidnapping charges." Even assuming Loggins' argument is true, a K.S.A. 60-1507 movant's lack of knowledge on legal issues does not amount to manifest injustice. See, e.g., *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. ___ (December 13, 2019); *Little v. State*, No. 119,167, 2019 WL 985415, at *4 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. ___ (December 13, 2019); *Dupree v. State*, No. 116,693, 2018 WL 1440515, at *4 (Kan. App. 2018) (unpublished opinion), *rev. denied* 308 Kan. 1593 (2018).

With regard to the merits of Loggins' argument, we note the statute Loggins relies on to support his argument—K.S.A. 22-3201(e)—provides that "[t]he court may permit a

complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." In interpreting this statute, our Supreme Court has held "the charging of a different crime may be allowed by an amendment to a complaint before trial, provided the substantial rights of the defendant are not prejudiced." *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006).

On appeal, Loggins does not identify or explain the substantial rights that he claims were prejudiced by the amendment of the complaint nine months prior to his jury trial. Moreover, the State is given considerable latitude in amending a complaint before trial. 281 Kan. at 205. In short, the legal and factual basis for Loggins' new-found claim of error is questionable.

For all the reasons stated, Loggins' claim that he was unaware that K.S.A. 22-3201(e) allegedly prevented the State from amending the criminal complaint to add the aggravated kidnapping charges fails to satisfy the manifest injustice standard. See K.S.A. 2018 Supp. 60-1507(f)(2). Accordingly, the district court did not err by finding that Loggins failed to establish the manifest injustice necessary to justify consideration of his untimely K.S.A. 60-1507 motion and summarily dismissing it.

Affirmed.