NOT DESIGNATED FOR PUBLICATION

No. 121,545

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LAWRENCE C. STAFFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed August 28, 2020.
Affirmed.

*J. Bo Turney*, of Irigonegaray, Turney, & Revenaugh, L.L.P., of Topeka, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Lawrence C. Stafford appeals the district court's denial of his motion for habeas corpus relief under K.S.A. 60-1507. Stafford's motion must overcome two procedural hurdles. First, because this K.S.A. 60-1507 motion was filed 23 years after the mandate for resentencing following his direct appeal, Stafford must establish that the court should extend the one-year time limit to prevent manifest injustice. Second, because this is his second 1507 motion, Stafford must show exceptional circumstances to justify consideration of this successive motion. We find the district court's denial of the present 1507 motion to be appropriate because Stafford's motion was untimely and failed

1

to demonstrate manifest injustice, as well as being successive. For the reasons set out below, we affirm.

In 1992, Stafford was convicted of aggravated burglary, unlawful possession of a firearm, and two counts of first-degree premeditated murder. The Kansas Supreme Court affirmed his convictions but remanded the case for resentencing. *State v. Stafford*, 255 Kan. 807, 878 P.2d 820 (1994). On remand, the district court imposed consecutive sentences of 15 years to life with the possibility of parole for each murder conviction.

Stafford filed his first K.S.A. 60-1507 motion on June 30, 2004, alleging 29 claims of ineffective assistance of counsel. Among them, Stafford claimed his trial counsel failed to investigate whether he was unable to formulate the intent to murder because of his use of alcohol and/or prescription drugs or because of his mental and/or emotional instability. After a full evidentiary hearing, the district court denied Stafford's motion. A panel of our court affirmed the district court's decision, and the Kansas Supreme Court denied review. See *Stafford v. State*, No. 98,305, 2008 WL 2717769 (Kan. App. 2008) (unpublished opinion).

In November 2013, Stafford was diagnosed with posttraumatic stress disorder (PTSD). In April 2017, Stafford filed the current K.S.A. 60-1507 motion and requested a full evidentiary hearing. In his motion, Stafford raised 24 claims of ineffective assistance of trial, appellate, and previous K.S.A. 60-1507 counsel. Stafford claimed his counsel failed to investigate whether PTSD caused him to suffer a dissociative state leaving him unable to formulate the specific intent necessary to commit first-degree murder. He claimed counsel failed to investigate whether his use of Prozac, other prescription and/or illicit drugs, and alcohol diminished his capacity to formulate specific intent for first-degree murder. Additionally, Stafford claimed ineffective assistance of counsel by failing

2

to object, failing to develop a penalty phase strategy, and cumulative error. Additional facts about the motion will be added as needed to discuss the issues.

In its response, the State argued Stafford's motion was untimely and he failed to assert manifest injustice or a colorable claim of actual innocence to justify an extension of time to file this K.S.A. 60-1507 motion.

The district court denied Stafford's motion. The court held the diagnosis of PTSD did not constitute an exceptional circumstance to merit consideration of a successive motion. It also held Stafford failed to provide an explanation for his untimely filing and failed to meet the requirements for actual innocence. The court noted it would require a "significant inferential leap" to assume the 2013 PTSD diagnosis applied during the crimes in 1992.

Stafford timely appealed the denial of this K.S.A. 60-1507 motion.

ANALYSIS

*Was Stafford's K.S.A. 60-1507 motion untimely?*

When the district court summarily dismisses a K.S.A. 60-1507 motion, our review is unlimited. We must determine on our own whether the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). The resolution of this issue requires us to interpret a statute, which is a question of law subject to de novo review. *State v. Gross*, 308 Kan. 1, 7, 417 P.3d 1049 (2018).

A K.S.A. 60-1507 motion must be timely. The movant must file the motion within one year of the "final order of the last appellate court in this state to exercise jurisdiction

3

on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2019 Supp. 60-1507(f)(1)(A). Courts may extend the one-year time limit to prevent manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). In a habeas corpus proceeding, manifest injustice means "obviously unfair" or "shocking to the conscience." *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019).

A K.S.A. 60-1507 movant has the burden to prove his or her motion warrants an evidentiary hearing and must state either an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). K.S.A. 2019 Supp. 60-1507(b) requires a hearing on a motion, "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Beauclair*, 308 Kan. at 303.

In this appeal, the 2016 amendments to K.S.A. 60-1507(f) apply to Stafford's current motion because he filed it after the amendments went into effect. See *White v. State*, 308 Kan. 491, 503, 421 P.3d 718 (2018). Under those amendments, to find manifest injustice the court's inquiry is limited to two factors: "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2019 Supp. 60-1507(f)(2)(A); see *White*, 308 Kan. at 497. A finding of actual innocence requires the movant show "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Regarding the first factor—reasons explaining the failure to meet the one-year time limit—Stafford does not explain why he filed this K.S.A. 60-1507 motion years after the resolution of the 2004 motion. Stafford bears the burden to explain newly discovered evidence if he expects this court to excuse his untimely motion. See *Sola-Morales*, 300 Kan. at 881.

4

For the second factor—a colorable claim of actual innocence—Stafford argues the district court erred in finding his motion untimely because the court held him to a standard of factual innocence, rather than legal innocence. Stafford contends K.S.A. 2019 Supp. 60-1507(f)(2)(A) requires the court to consider if the claim satisfies the "no reasonable juror" standard instead of factual or legal innocence.

In opposition, the State argues the 2016 amendments to K.S.A. 60-1507 mean a finding of actual innocence includes both factual and legal innocence. They contend that for Stafford to demonstrate a colorable claim of actual innocence, he must show it is "'more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*.'" The State emphasizes the Legislature's intent, the plain language of the statute, and the statute's legislative history.

In the current K.S.A. 60-1507 motion, Stafford claims actual innocence but provides no elaboration or explanation. In the same motion, he provides newspaper articles about "Prozac defenses." In his appeal from the denial of his motion by the district court, Stafford cites K.S.A. 60-1507(f), but fails to explain what new evidence should be used to determine his actual innocence or to provide a substantial basis he suffered from PTSD or used prescription and/or illicit drugs at the time of the crime. Instead, Stafford argues the district court conflated actual innocence with factual innocence. Based on Stafford's brief, we are asked to assume the new evidence that affected his ability to form specific intent is: (1) the 2013 diagnosis of PTSD and (2) use of prescription medication and/or illicit drugs prior to the murders.

Stafford has failed to show that "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2019 Supp. 60-1507(f)(2)(A). Stafford has not demonstrated any legal events that were "obviously unfair" or "shocking to the conscience" to establish manifest injustice. Thus, he has failed to carry his burden of proving manifest injustice that would excuse the untimely filing of

5

his K.S.A. 60-1507 motion. For this reason, we affirm the district court's decision to dismiss Stafford's motion as untimely.

*Was Stafford's motion successive?*

As we have noted, when the district court summarily dismisses a K.S.A. 60-1507 motion, the standard of review is de novo. We must determine for ourselves whether the motion, the files, and records of the case conclusively show that Stafford is not entitled to relief. *Beauclair*, 308 Kan. at 293.

Our courts are not required to hear successive motions from the same prisoner for similar relief. K.S.A. 2019 Supp. 60-1507(c). A court hearing a motion under K.S.A. 60-1507 presumes a movant listed all grounds for relief in his or her initial motion. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). A subsequent K.S.A. 60-1507 motion need not be considered unless there are circumstances that justify the original failure to list the claim. 296 Kan. at 904.

A movant under K.S.A. 2019 Supp. 60-1507 bears the burden to establish "'exceptional circumstances'" to avoid dismissal of a second or successive motion. *Thuko*, 310 Kan. at 84. Exceptional circumstances are "'unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" 310 Kan. at 84.

Stafford argues the district court erred in denying his motion as successive because the substance underlying his claims differs from his 2004 motion. Stafford argues the court should analyze his capability of forming specific intent through the new "lens" of his 2013 diagnosis of PTSD. He contends this is the unusual event that he could not have raised in his 2004 motion under K.S.A. 60-1507 in which he claimed mental and emotional instability.

In response, the State argues Stafford provides no explanation for his failure to raise such claims in his previous K.S.A. 60-1507 motion. It contends that now Stafford is merely seeking reconsideration of previously considered and resolved issues from the 2004 appeal.

Many of Stafford's claims of ineffective assistance of counsel in the current K.S.A. 60-1507 motion do overlap with those raised in his 2004 motion. In 2004, Stafford raised 29 ineffective assistance of counsel claims. In the current motion, he raised 24 ineffective assistance of counsel claims. Two pairs of claims are particularly similar between the 2004 motion and the current motion.

First, in his current motion, Stafford asserts that trial counsel was ineffective by failing to "investigate obvious signs that [movant] suffered from Post-Traumatic Stress Disorder ('PTSD') and whether, because of such, [movant] was in a form of a dissociative state when he allegedly killed the victims and thus could not have formed the specific intent necessary to commit murder in the first degree." In comparison, the 2004 motion stated trial counsel was ineffective by "failing to investigate movant's mental and emotional stability and status on January 4/5, 1992, to determine whether movant could (1) formulate the intent required by K.S.A. 21-3401 or (2) distinguish between right and wrong."

These claims are obviously not identical, but they are closely related in their contention that Stafford lacked the mental capacity to form the requisite intent for first-degree murder. We certainly concur that a diagnosis of PTSD is significant in someone's life, but we conclude, in the context of our law, that it is not an unusual event or intervening change in the law. And Stafford provides nothing from the evaluators establishing his 2013 diagnosis of PTSD to indicate this condition was of such severity and long duration that it was likely to have been a critical part of his mental condition at the time of his 1992 crimes.

Second, Stafford now claims his trial counsel failed to investigate whether Stafford's "use and abuse of Prozac, other prescription medications and illicit drugs, and alcohol, simultaneously or otherwise . . . diminished his capacity to (1) formulate the intent required by K.S.A. 21-3401 or (2) to distinguish between right and wrong." The 2004 motion alleged trial counsel failed to investigate whether Stafford was "under the influence of alcohol and/or prescription drugs and/or both on or about January 5, 1992, to the extent he could not (1) formulate the necessary and required intent to violate K.S.A. 21-3401 or (2) to know or distinguish between right and wrong."

The remaining current ineffective assistance of counsel claims focus on other failures to investigate the case and to object to or prevent trial errors. Stafford does not explain the absence of these claims from his 2004 K.S.A. 60-1507 motion. In 2004, Stafford was aware of his ability to allege ineffective assistance of counsel as shown by the 29 different claims of ineffectiveness in the 2004 motion. These allegations were denied by both the trial and appellate courts.

Stafford's claims do not overcome the statutory hurdles a successive K.S.A. 60-1507 motion must pass to be considered by this court. The district court properly denied his motion.

Affirmed.