NOT DESIGNATED FOR PUBLICATION

No. 126,311

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DENIS ALFARO-VALLEDA,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION


Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed October 18, 2024. Affirmed.
.


*Derek W. Miller*, of Miller & French, LLC, of Liberal, for appellant.


*Kirstyn D. Malloy*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach,* attorney general, for appellee.


Before MALONE, P.J., HURST and COBLE, JJ.


HURST, J.: Denis Alfaro-Valleda appeals the district court's summary denial of his 60-1507 motion alleging ineffective assistance of trial counsel. The district court correctly concluded that Alfaro-Valleda's motion alleging several trial counsel deficiencies were all merely conclusory without factual or evidentiary support. On appeal Alfaro-Valleda contends that two of those allegations were more than conclusory and entitled him to an evidentiary hearing as to those claims. Upon review, this court finds no error. The district court correctly concluded that Alfaro-Valleda's claims were

1

impermissibly conclusory and did not merit an evidentiary hearing. The district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, a jury convicted Alfaro-Valleda of first-degree premeditated murder, and the Kansas Supreme Court affirmed his conviction on direct appeal. *State v. Alfaro-Valleda*, 314 Kan. 526, 502 P.3d 66 (2022). The details of his January 2018 crime and conviction are not pertinent to this present appeal. In January 2023, Alfaro-Valleda filed a timely 60-1507 motion alleging his trial counsel rendered ineffective assistance for the following seven reasons:

> "(a) Trial counsel failed to properly investigate the allegations presented in the charging document for which the movant stood trial.
> "(b) Counsel failed to meet with and prepare witnesses for trial and only met with said witnesses when they appeared the day of trial.
> "(c) Counsel failed to properly apprise movant of his options and the likelihood that he would be convicted of the offense charged and failed to properly negotiate for a plea offer.
> "(d) Counsel failed to adequately explain any of the offers on the table at the time of the negotiations in order to give movant the information necessary when deciding whether to move forward with a trial or seek a plea agreement.
> "(e) Counsel failed to file and appropriate present pre-trial motions and/or failed to file and appropriately present post-trial motions.
> "(f) Counsel failed to adequately meet with movant in order to apprise him of his situation before, during and after the trial.
> "(g) At trial, counsel failed to lodge proper objections and failed to adequately present evidence to show movant's innocence and/or rebut state's evidence."

The district court summarily denied Alfaro-Valleda's motion about a month later and explained that the "motion does not warrant an evidentiary hearing because his

2

allegations are merely conclusory and/or have no support in the record of the criminal case." The district court explained that Alfaro-Valleda "offered no factual basis" or "reference to the record" to support his allegations. Rather—according to the district court— Alfaro-Valleda "merely stated his allegations of ineffective assistance of counsel without more." The district court therefore ultimately concluded that Alfaro-Valleda "failed to provide the court with sufficient facts and/or evidence to determine if he is entitled to a hearing on the motion" and summarily denied the motion without granting an evidentiary hearing. Alfaro-Valleda timely appealed.

DISCUSSION

The only issue on appeal is whether the district court erred in summarily dismissing Alfaro-Valleda's 60-1507 motion. Alfaro-Valleda argues that two of his seven allegations of ineffective assistance of counsel were sufficiently nonconclusory to warrant an evidentiary hearing. A district court has three options for handling a 60-1507 motion. The district court may (1) determine the motion, files, and case records conclusively show the prisoner is not entitled to relief and summarily deny the motion without a hearing; (2) determine from the motion, files, and records that a potentially substantial issue exists, and hold a preliminary hearing and if the court finds no substantial issue, the court may then deny the motion; or (3) determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full evidentiary hearing. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

The defendant carries the burden "to show a claim of ineffective assistance of counsel warrants an evidentiary hearing." *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). That means a district court need only hold an evidentiary hearing when the defendant makes "more than conclusory contentions" and states "an evidentiary basis in support of those claims" or the record contains some evidentiary support for the claims. *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019); see also *Thuko v. State*, 310

3

Kan. 74, Syl. ¶ 3, 444 P.3d 927 (2019) ("A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing."). "In stating the evidentiary basis, the K.S.A. 60–1507 motion must set forth a factual background, names of witnesses, or other sources of evidence to demonstrate that the movant is entitled to relief." *Swenson v. State*, 284 Kan. 931, Syl. ¶ 2, 169 P.3d 298 (2007) (remanding for further proceedings when movant included witness name and what they would testify to).

This court's standard of review on appeal depends on how the district court disposed of the 60-1507 motion. *Adams*, 311 Kan. at 578. When, as here, the district court summarily denies a 60-1507 motion, this court reviews the record de novo— looking at the motion, files, and records anew—to determine whether they conclusively establish that the defendant is not entitled to relief. K.S.A. 2023 Supp. 60-1507(b); *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019); Kansas Supreme Court Rule 183(f) (2024 Kan. S. Ct. R. at 241).

Courts must analyze claims of ineffective assistance of trial counsel using a two-prong test established by the United State Supreme Court. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984); see also *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting and applying the test articulated in *Strickland*). Under the first prong, the defendant must show that defense counsel's performance was deficient. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021). Deficient performance under the first prong is when the defendant shows "'that counsel's representation fell below an objective standard of reasonableness.'" 313 Kan. at 485 (quoting *Strickland*, 466 U.S. at 688). If the defendant satisfies the first prong, the court then looks to the second prong to determine whether there is a reasonable probability that, absent defense counsel's deficient performance, the result would have been different. *Khalil-Alsalaami*, 313 Kan. at 485. This means that the defendant must show the counsel's deficient performance prejudiced the defendant. To demonstrate prejudice, the defendant must establish with reasonable

4

probability that the deficient performance affected the outcome of the proceedings. 313 Kan. at 485.

Alfaro-Valleda argues on appeal that his 60-1507 motion sufficiently alleged—more than conclusory—that (1) his trial counsel failed to meet with and prepare witnesses for trial, and only meet with the witnesses when they came to trial, and (2) his trial counsel failed to present evidence of actual innocence or rebuttal evidence. Alfaro-Valleda does not challenge the district court's findings that his other allegations of ineffective assistance of counsel were merely conclusory, and any objection to the district court's denial of those claims is waived or abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) ("Issues not briefed or not adequately briefed are deemed waived or abandoned.").

In support of his first claim on appeal that his trial counsel was ineffective for failing to meet with and prepare witnesses, Alfaro-Valleda's 60-1507 motion offered only the following allegation: "Counsel failed to meet with and prepare witnesses for trial and only met with said witnesses when they appeared the day of trial." Alfaro-Valleda failed to identify any witness his trial counsel allegedly failed to adequately meet or prepare, failed to allege specifics of the inadequate preparation, and failed to allege how that alleged deficiency affected his trial. In fact, the 60-1507 motion form Alfaro-Valleda used prompted him to provide "the names and addresses of the witnesses or other evidence upon which you intend to rely to prove those facts," but he failed to do so. Alfaro-Valleda carried the burden to allege sufficient detail and demonstrate support in the record for his allegations. Instead, Alfaro-Valleda submitted a bare allegation of inadequate witness preparation—which is insufficient to satisfy his burden to demonstrate deficient performance or prejudice.

In support of his second claim on appeal that his trial counsel was ineffective for failing to present evidence of innocence or rebuttal evidence, Alfaro-Valleda's 60-1507

motion offered only the following allegations: "At trial, counsel. . .failed to adequately present evidence to show movant's innocence and/or rebut state's evidence." Again, Alfaro-Valleda failed to identify *what* evidence his trial counsel allegedly failed to present. Not only did he fail to list the evidence that his trial counsel should have included, but Alfaro-Valleda's motion also failed to allege how this unidentified evidence would have supported his innocence or affected the trial's outcome. Alfaro-Valleda had the burden to provide specific evidentiary support for his conclusory allegation, but he failed to do so. See *Sprague*, 303 Kan. at 427 (upholding dismissal of an ineffective assistance of counsel claim when the movant fails to "proffer any evidentiary basis that his counsel's performance was constitutionally deficient").

Although on appeal Alfaro-Valleda offers more specific details supporting his conclusory allegations, appellate review is not an appropriate time to provide such detail. This court's role is to determine whether Alfaro-Valleda provided sufficient evidentiary support for his allegations to the district court to warrant an evidentiary hearing and survive summary denial. See, e.g., *Sprague*, 303 Kan. at 427 (reviewing arguments submitted to district court despite attempted reframing on appeal). On appeal Alfaro-Valleda faults the district court for being too detailed in its summary denial—as though the district court's diligence somehow lends credibility or sufficiency to his 60-1507 motion. To be clear, it does not. Not only does Alfaro-Valleda provide no legal support for this contention, but the argument fails logically. Even if Alfaro-Valleda's claims were not impermissibly conclusory, he is not automatically entitled to an evidentiary hearing. See, e.g., *Mundy v. State*, 307 Kan. 280, 304-05, 408 P.3d 965 (2018) (upholding summary denial of the movant's 60-1507 based on its conclusory allegations without evidentiary support even when the district court pointed to evidence contradicting the allegations). The district court is not required to hold a preliminary or full evidentiary hearing when the motion, files, and case records conclusively show the defendant is not entitled to relief. K.S.A. 2023 Supp. 60-1507(b). Alfaro-Valleda simply failed to provide the factual or evidentiary support for his conclusory allegations as required.

CONCLUSION

The district court did not err in summarily denying Alfaro-Valleda's 60-1507 motion for failure to sufficiently allege facts supporting his allegations of ineffective assistance of counsel. Alfaro-Valleda's 60-1507 motion was exceedingly conclusory without factual support or allegations of prejudice. The district court is affirmed.

Affirmed.