NOT DESIGNATED FOR PUBLICATION

No. 127,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOVI L. COMBS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Garett C. Relph*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Bovi L. Combs timely appeals from the district court's summary denial of his request for relief under K.S.A. 60-1507. Combs argues he should have been appointed counsel and granted an evidentiary hearing. We observe Combs' motion fails to set forth valid grounds for relief under K.S.A. 2023 Supp. 60-1507, and he does not identify any specific factual basis for relief. Thus, the district court properly denied his motion. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Combs was convicted of first-degree felony murder, conspiracy to commit murder, and kidnapping for acts committed in 2001. He was sentenced to lifetime imprisonment with a mandatory minimum term of 50 years plus 59 months, to run consecutive. Our Supreme Court affirmed Combs' convictions and sentences on direct appeal. *State v. Combs*, 280 Kan. 45, 55, 118 P.3d 1259 (2005).

In 2023, Combs filed a motion with the district court requesting the appointment of counsel for appeal, which the district court denied. Combs subsequently filed a memorandum of law in support of petition for writ of habeas corpus. The district court construed this as a motion for relief under K.S.A. 60-1507. The district court noted the arguments advanced in Combs' memorandum could be construed as (1) a claim of actual innocence based on newly discovered evidence and (2) insufficient evidence. However, the district court expressed confusion about what the sufficiency of the evidence argument pertained to because Combs also referred to an unspecified disciplinary violation. Ultimately, the district court summarily denied Combs' motion, finding what little factual basis set forth therein was conclusory and Combs failed to cite to the record or specifically detail other evidence to support his claims.

ANALYSIS

When a district court summarily denies a K.S.A. 60-1507 motion, as it did here, we conduct de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

To be entitled to relief under K.S.A. 60-1507, Combs must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2023 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2024 Kan. S. Ct. R. at 241) (preponderance of evidence burden). Combs bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, Combs' contentions must be more than conclusory, and he must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). The district court is not required to hold an evidentiary hearing and may summarily deny the K.S.A. 60-1507 motion when the motion, files, and records of the case conclusively show Combs is not entitled to relief. See K.S.A. 2023 Supp. 60-1507(b).

Here, the district court properly denied Combs' motion. Combs provides essentially no citation to relevant facts in his motion. As the district court noted, it is unclear what Combs' sufficiency of the evidence argument even relates to, although he is clearly not entitled to relief regardless of the basis for his claim. If Combs is referring to a disciplinary violation in prison, a K.S.A. 60-1507 motion is not the correct vehicle for relief. See *Denney v. Norwood*, 315 Kan. 163, 172, 505 P.3d 730 (2022) (K.S.A. 60-1501 motion used to challenge conditions of confinement). If Combs is referring to the evidence at trial, he raises a claim of trial error, which is not an appropriate ground for relief under K.S.A. 60-1507. Supreme Court Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal.").

As to Combs' possible claim of actual innocence, he failed to set forth any relevant factual basis to establish his claim. Moreover, this claim—to the extent he intended to raise it—was only incidentally mentioned in Combs' statement of the questions presented. Combs did not meaningfully advance any argument on this point before the district court, and he failed to provide any specific factual allegations relevant to a claim of newly discovered evidence. The district court properly denied relief because this claim—to the extent it was even presented—is entirely conclusory and Combs failed to meet his burden to show he was entitled to an evidentiary hearing. See *Thuko*, 310 Kan. at 80.

Affirmed.