NOT DESIGNATED FOR PUBLICATION

No. 127,200

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NICHOLAS RAY MIDGYETT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Submitted without oral argument. Opinion filed March 14, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Nicholas Ray Midgyett timely appeals the district court's summary denial of his K.S.A. 60-1507 motion, arguing he should have been granted an evidentiary hearing. After a careful and exhaustive review of the record, we find no error by the district court. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Nicholas Ray Midgyett of two counts of aggravated battery, two counts of aggravated kidnapping, one count of conspiracy to commit aggravated battery,

1

one count of aggravated assault, one count of criminal threat, and one count of aggravated robbery. The district court imposed a total controlling sentence of 715 months' imprisonment. Another panel of our court affirmed his convictions and sentences. *State v. Midgyett*, No. 121,868, 2021 WL 4127697, at *1 (Kan. App. 2021) (unpublished opinion). The specific facts underlying his convictions are set forth in detail therein and are not necessary to address the issues presented on appeal.

Midgyett timely filed a K.S.A. 60-1507 motion, claiming prosecutorial error, multiplicity, and ineffective assistance of counsel. Regarding his claims of ineffective assistance of counsel, Midgyett asserted his trial counsel was ineffective for (1) proceeding to trial despite having received complete discovery from the State one week before trial, and (2) failing to object to the admission of evidence at trial. The district court summarily denied his motion, finding his first two claims were allegations of trial error and, therefore, inappropriate to raise in a K.S.A. 60-1507 motion, and Midgyett failed to argue or demonstrate prejudice as a result. The district court further found Midgyett failed to demonstrate any error in his trial counsel's performance, much less any prejudice. Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review*

"'When the district court summarily denies a K.S.A. 60-1507 motion, [we conduct] de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief.'" *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). A movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and the movant must either set forth an evidentiary basis to support those contentions or the basis must be evident from the record. 310 Kan. at 80.

For Midgyett to be successful, he must assert that his trial counsel provided ineffective assistance and show (1) counsel's performance was objectively unreasonable under the circumstances, and (2) but for counsel's errors, there is a reasonable probability the outcome of trial would have been different. See *State v. Evans*, 315 Kan. 211, 217-18, 506 P.3d 260 (2022). Simply put, a defendant must show both an error in counsel's performance and prejudice as a result.

*Discussion*

Midgyett, in his briefing, waives two of the claims raised in his K.S.A. 60-1507 motion—prosecutorial error and multiplicity—because he advances no arguments related to those points in his brief. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). As to his remaining claim of ineffective assistance of counsel, Midgyett argues the district court erred in summarily denying his K.S.A. 60-1507 motion, asserting his motion included facts warranting an evidentiary hearing.

Contrary to Midgyett's arguments, his K.S.A. 60-1507 motion set forth no facts or valid legal grounds showing he was entitled to relief based on ineffective assistance of counsel. Midgyett alleged his trial counsel was ineffective for proceeding to trial without having received complete discovery from the State. This is somewhat confusing because he later acknowledged his trial counsel did, in fact, receive full discovery a week before trial. The record also reflects Midgyett did not want any continuances and wanted his trial to proceed as scheduled. In any event, Midgyett failed to argue or explain how the timing of discovery impaired his trial counsel's ability to effectively assist in his defense at trial. In fact, Midgyett never alleged any specific deficiencies in his trial counsel's performance, much less any prejudice as a result. Further, the concerns about the State providing completed discovery so close to trial were raised in a motion for new trial, which the district court denied. Here, Midgyett is repackaging an issue already litigated before the trial court that should have been addressed in his direct appeal. See *State v.*

*Brown*, 318 Kan. 446, 448-49, 543 P.3d 1149 (2024). Again, Midgyett has failed to allege any specific error(s) by trial counsel or prejudice as a result. Therefore, his claim lacks substance and fails.

Midgyett additionally alleged his trial counsel was ineffective for failing to object to evidence during trial. However, he did not specify what evidence should have been objected to or the legal grounds for any such objections, nor did he offer any argument or explanation regarding prejudice. Midgyett's briefing does not focus on this aspect of his trial counsel's performance; rather, his arguments focus on his issues with the timing of discovery. But regardless of what point(s) Midgyett intended to address on appeal, we find the district court properly denied Midgyett's K.S.A. 60-1507 motion as the motion presented no genuine issues of fact or law establishing any valid grounds for relief. See *Thuko*, 310 Kan. at 80.

Affirmed.